GULF REFINING CO. *v.* CITY OF LAUREL.

(Division A. Nov. 20, 1939.)

[192 So. 1. No. 33857.]

Green, Green & Jackson, of Jackson, for appellant.

**J. R. Buchanan,** of Laurel, for appellee.

**F. B. Collins**, of Laurel, for appellee.

Argued orally by **Forrest B. Jackson**, for appellant, and by **J. R. Buchanan**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The City of Laurel has an ordinance requiring persons, firms, or corporations before constructing and operating a filling station within its municipality, to obtain a permit therefor from its mayor and commissioners. The ordinance provides for a hearing of the application for the permit, at which hearing persons opposed thereto may appear and give evidence; and that "If upon the hearing it should appear to the said Mayor and Commissioners that the erection, construction, operation, or maintenance of such a gasoline filling station at the proposed location, by reason of traffic conditions, or fire explosive hazard would imperil the public safety, then the said Mayor and Commissioners shall refuse to grant the permit applied for, but if it shall appear to the satisfaction of the Mayor and Commissioners that no such condition or conditions will result from the erection, construction, operation or maintenance of such station, then the Mayor and Commissioners shall grant such Permit." The appellant filed an application for such a permit; but the Mayor and Commissioners refused to grant it after

hearing evidence relative thereto by the appellant and the persons opposed to the granting of the permit.

On appeal to the court below, the order of the Mayor and Commissioners was affirmed. There is no contention by the appellee that the construction and maintenance of this filling station would create a fire hazard.

The appellant's contentions are that: (1) The appellee has not been authorized by the legislature to adopt such an ordinance; and if mistaken in this (2) the evidence does not justify the refusal of the permit requested.

It may be that having invoked the ordinance by asking for a permit thereunder, the appellant cannot at the same time question its validity, but that will be laid aside and no opinion will be expressed thereon. Section 2396, Code 1930, authorizes municipalities "To make regulations . . . to prevent, remove, and abate nuisances." While a gasoline filling station may not be a nuisance per se, the maintenance of one at a place which "by reason of traffic conditions, or fire explosive hazard would imperil the public safety," is unquestionably a public nuisance, and therefore within the statute hereinbefore cited.

Commerce Street intersects Central Avenue at an angle of forty-five degrees, in one of the busiest and most traveled sections of the city. The filling station if permitted is to be on a small lot lying within the acute angle formed by the intersection of these streets. In order to be serviced at the proposed station, automobiles are to be driven onto the lot and parked near one of two gasoline pumps, both of which are to be located near the street intersection and the sidewalk on each of the streets.

The order of the appellee's mayor and commissioners refusing to grant the permit sets forth the following finding of fact: "There is a constant flow of traffic on Central Avenue and Commerce Street at or near said point from twelve to fifteen hours per day and that should a filling station be constructed and operated at said point, on account of the constant flow of traffic and the peculiar location of said station and on account of the small space

upon which said filling station is proposed to be constructed there will necessarily be a material congestion and blocking of traffic caused by the operation of such a station and will therefore imperil the public safety of traffic on said streets. Said Mayor and Commissioners doth find further from the testimony that there are thousands of pedestrians daily who pass along the sidewalks on both the north and south side of said property at said proposed site, and that in the practical operation of the said service station there will necessarily be considerable blocking of the sidewalks and a greatly increased use of said sidewalks by vehicles which will greatly imperil the public safety. . . ." This finding of fact is supported by evidence, and therefore must prevail unless we can say with confidence that it is manifestly wrong. This we cannot do. Cf. Hyma v. Seeger, 233 Mich. 659, 207 N. W. 834.

Affirmed.