PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Plaintiff, *v.* JOSEPH E. MEREDITH et al., Individually and Doing Business under the Names of WESTCHESTER EQUIPMENT COMPANY and MEREDITH & HITCHCOCK, Defendants.

Supreme Court, Special Term, Westchester County, June 9, 1947.

*Harold J. Dittelman* for plaintiff.

*Landau & Friedman* for defendants.

FLANNERY, J. Defendants are the owners of a parcel of land fronting on Sherman Place and Park Avenue in the village of Ossining which was conveyed to them in a deed dated December 31, 1945, by the Westchester Lighting Company which had used the property for the storage of poles, reels of cable and pipe. This use was a nonconforming use under the Zoning Ordinance of the Village of Ossining because the property was in a residence " B " district, but was not prohibited because it had existed at the time of the enactment of the ordinance. Since their acquisition of the property the defendants, who are common carriers of merchandise, have stored freight trucks, trailers and busses on the property. The plaintiff brings this

action to enjoin the use of the property for this purpose by the defendants.

The plaintiff emphasizes the inconvenience to the neighbors caused by the noise, vibration and fumes of the trucks and busses and of the cabs that leave the trailers at the property or take them from it. This would be a proper consideration if the injunction were sought on the ground of nuisance. However, the injunction is sought only upon the ground that the use violates the zoning ordinance.

The authorities are neither many nor clear on the subject of when the gradual variance of a nonconforming use passes into another use. A perusal of the precedents and authorities cited by the parties has been helpful but not determinative. It seems, however, clear to me that the storage of a motor vehicle, i.e., a freight truck or a bus is a sufficiently different use from the storage of poles, cable and pipe to require an injunction against the defendants forbidding that use. It seems to me equally clear, however, that the storage of a trailer cannot be intelligently distinguished from the storage of poles, cable and pipe. Both are storage of objects which have no power of locomotion and do not in themselves offer more or less offense, or require more or less toleration. In other words, storage is storage and only when the nature of the thing stored is vastly different and in itself creates new problems is it reasonable to call a change of the object stored a change of use. I find, therefore, that the use of the property to store trailers is a continuance of the nonconforming use and will not and should not be enjoined.

If the cabs which bring the trailers to the property and take them from it are so operated at the times of arrival or departure that they create a nuisance in a residential neighborhood, a remedy of injunction for nuisance should be obtainable, but that is not sought here. Judgment accordingly. Submit findings.