HIGHLAND VILLAGE COMPANY *v.*
CITY OF JACKSON, et al.

No. 41941 February 5, 1962 137 So. 2d 549

*Overstreet, Kuykendall, Perry & Phillips, Jackson,* for appellant.

*Watkins, Pyle, Edwards & Ludlam, E. W. Stennett,* and *W. T. Neely,* Jackson, for appellees.

APPELLANT IN REPLY.

JONES, J.

Highland Village Land Company, hereinafter referred to as complainant, by bill filed in the Chancery Court of the First Judicial District of Hinds County, sought to enjoin the City of Jackson from enforcing an order denying its request to rezone certain property owned by the said complainant.

On June 1, 1950, the City of Jackson adopted a general zoning ordinance for the City. At that time the property now owned by complainant was situated outside the City of Jackson. On August 8, 1958, the county adopted a zoning ordinance under the terms of which this land, being outside of the City of Jackson, was zoned by the county as residential property. On November 10, 1958, the county amended its order so that the north

300 feet of complainant's property was zoned to commercial use.

After the foregoing zoning ordinances had been adopted by the city and the county, complainant, on December 8, 1959, purchased the property here involved.

On March 17, 1960, the City of Jackson extended its limits so as to include complainant's property. Thereafter complainant applied to the zoning committee of the City of Jackson to rezone the portion of its property here involved to commercial use.

On May 9, 1960, the zoning committee heard the application and recommended the granting of such change in its report to the City Council. This report contained the following statement: "This request was handled previously by the County Zoning Commission with the request being denied due to residents' protests and deed of covenant restrictions of certain parts of the proposed development. It is now understood that the residents in the area are no longer opposed to this particular development, and proceedings are under way to have the deed of covenant restrictions removed."

On receipt of said report, the City Council gave notice as required, fixing the date of June 15, 1960 at 10:00 A.M., as the time in which all parties interested might file protests or express approval of same. Thereafter on June 22, 1960, the City Council denied the application for rezoning of said property, the said order of denial containing the following finding:

"It further appearing to the satisfaction of the Council that at the said hearing practically all of the owners of property located and situated within the area proposed to be rezoned, appeared in person or filed written protests against the said rezoning. The Council having heard the evidence and the objections and protests submitted to it and having found from the said evidence that the rezoning of the said property from residential to commercial uses is unnecessary and would be detri-

mental to the area, depreciate the value of residential property in the neighborhood, and if rezoned, the operation of the commercial establishment on the said property would be a disturbance to the neighborhood from the standpoint of noises, traffic, and the like, and that, therefore, the said petition should be denied.''

On August 1, 1960, complainant instituted this proceeding by its bill in chancery asking that the City be enjoined and alleging that the actions of the board were unlawful, oppressive, an abuse of discretion, and beyond the authority of the city; that such action was arbitrary, unreasonable, capricious, an illegal regulation of complainant's property, and constituted a confiscation thereof, and that as applied to complainant's property the same was void and unconstitutional.

Complainant also attacked the hearing before the Council because it was alleged (1) no witness was sworn and no testimony recorded; (2) complainant was not represented by counsel and not afforded opportunity to cross-examine; (3) no attempt to apply rules of evidence; (4) members of zoning committee were not interrogated; and (5) no safeguards afforded complainant in order that it might have a full, fair and complete adjudication of its rights.

However, the bill shows complainant requested the hearing. It does not charge it was prevented in any way from having counsel, having witnesses sworn, cross-examining witnesses, calling members of zoning committee, or asking for invocation of any rules of evidence (the council, however, not being bound by strict rules of evidence), nor that they requested the recording of evidence, nor that they sought and were denied any privilege of any sort at the hearing. Neither does it allege it was denied a bill of exceptions.

On September 9, 1960, petition to intervene as defendants was filed by thirteen citizens, property owners neighboring upon or near the property involved. Order

was signed on September 13, 1960, permitting such intervention. On October 13, 1960, the intervenors filed a demurrer and on October 24 the City of Jackson filed its demurrer, both of said demurrers alleging as grounds therefor that there was no equity on the face of the bill and that the complainant had a full, speedy, complete and adequate remedy at law, of which it failed to avail itself.

The demurrer was sustained on December 19, 1960, on the ground that the complainant had an adequate remedy at law by appeal to the circuit court under Section 1195 of the Code of 1942. Hence this appeal.

The question is urged that the action of the City is void because when the city limits was extended and the property taken into the city the zoning ordinances adopted by the county board of supervisors terminated insofar as said property was concerned and such property was unzoned so that the City, until it had taken the necessary legal steps, had no jurisdiction over zoning of this particular property. Some authority is cited for that: 101 C.J.S., Zoning, Section 134; Anno., 41 A.L.R. 2d 1463; City of South San Francisco v. Berry (Cal.), 260 P.2d 1045.

This Court is unable and unwilling to accept as law the proposition that when property which had been zoned by the county was taken into the city it came as unzoned property. The record in this case discloses that property owners were interested in the zoning of this particular property because, as shown by the order of the City Council, they appeared and objected to rezoning it, and as shown by the petition to intervene, they were objecting to it here. In these times when the urban population is increasing so rapidly, and cities generally are expanding as never before, people invest their money in property with an eye to the zoning regulations as the property purchased by them is thereby affected. They have a right to rely upon zoning ordinances and to have

same remain in effect unless and until changed by the proper authority, in accordance with law and after due notice and hearing. What was effected here was, as has been expressed, only a change of sovereign so that the City had authority over the property. Of course, the county had no further authority over it and the property owners had a right to have some authority with power over such zoning. Under these circumstances, it could only be the authorities of the City. The complainant itself recognized this when it filed its petition with the City authorities seeking to have the property rezoned. Cf. Walker v. City of Biloxi, 229 Miss. 890, 92 So.2d 227.

As was stated by Judge Griffith, in City of Jackson v. McPherson, 162 Miss. 164, 138 So. 604; ''We answer as we now do because along with nearly all the courts, we have been compelled to see and appreciate that the modern zoning law is essential to meet the requirements of modern conditions. Indeed, we can now see and appreciate that had these laws come earlier, had been earlier perfected and had at an earlier date received approval as to their constitutional validity, an almost incurable situation which now prevails in many large towns and cities could and would have been prevented. But the modern zoning law did not come earlier, because the proposal thus to restrict property owners in the use of their property appeared upon first approach to be in contravention of constitutional rights and as an arbitrary substitution of governmental regulation for that which was believed to belong exclusively to the field of private determination. It was difficult therefore to secure, in the first place, the necessary legislation; and, in the second place, it was even more difficult to obtain the cooperation of those who were adversely affected, and who naturally regarded all such laws and regulations as unjust and as an unwarrantable encroachment upon their private property rights. Those so af-

fected, of course, appealed to the courts, and as was but natural, also, the judges were alarmed at the proposed extension of governmental interference, and the earlier decisions were generally adverse to the proposal.

"But as time and experience further demonstrated the necessities of the situation, legislation persisted in its efforts; and the legislative enactments were improved and perfected so as to meet the specific objections made, and soon thereafter, as the courts themselves became the better convinced that the constitutional guaranties must be allowed to expand in their application and keep pace with the new conditions and new problems of urban life, the earlier decisions were made to give way to the requirements of the new and changing conditions; so that now the modern standard zoning laws, such as the statutes recently enacted in this state, have received the approval, so far as constitutional questions are concerned, of the overwhelming weight of judicial opinion, both state and federal."

 We think the City was authorized to take the action it did and the only question remaining is as to whether complainant had a plain, adequate and speedy remedy at law. Section 1195, Code of 1942, provides for an appeal from municipal orders.

While zoning is a legislative action, this Court has held that appeals under said section lie from either administrative or legislative matters. Board of Supervisors v. McCormick, 207 Miss. 216, 42 So.2d 177.

In Illinois Central R. R. Company v. Public Service Commission, 220 Miss. 439, 71 So.2d 176, the Railroad Company sought to enjoin the Public Service Commission on the ground that the action of the Commission amounted to taking the railroad property without due process of law; that it had no authority to require the railroad to operate as ordered; the bill also charged that the action of the Commission was "arbitrary, illegal, unlawful, unwarranted, and in utter disregard of

uncontradicted proof of loss being incurred by the complainant.'' The Supreme Court said:

"The chancery court was, and we are, requested to sustain those allegations of the bill, and hold the order void, although we have no knowledge whatever of the extent, nature and force of the testimony which was before the Commission. Naturally, it was impossible for the lower court, and it is impossible for us, to say whether the order of the Commission was justified when there was not before the lower court, and is not before us, a scintilla of testimony which was before the Commission. It is clear that the Commission had before it much testimony which we do not have, because the order recites that the patrons along the railroad line testified before the Commission.''

The action of the lower court in sustaining a demurrer because of a plain, adequate and complete remedy at law was there affirmed.

Appeal under Section 1195 has been had in zoning cases in which many of the same objections here made were involved. See Hattiesburg v. Pittman, 233 Miss. 544, 102 So.2d 352, and Jones v. Hattiesburg, 207 Miss. 491, 42 So. 2d 717.

In the cases of Shender v. City of Philadelphia, 101 A.2d 667, and Jacobs v. Fetzer, et al., 112 A.2d 356, injunctions were sought. They were both Pennsylvania cases and it seems the zoning ordinances themselves gave a right of appeal. The Supreme Court of Pennsylvania held that under such circumstances an equity court had no jurisdiction of a bill seeking to have zoning ordinances declared void as to complainant's land and enforcement thereof enjoined as to such land, because of an adequate remedy by appeal.

We are of the opinion that all questions raised by plaintiff in this bill could have been determined on ap-

peal and the chancellor was correct in sustaining the demurrer. The case is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.