City of Hattiesburg *v*. L. & A. Contracting Company

No. 42843     December 16, 1963     159 So. 2d 74

*Francis T. Zachary,* Hattiesburg, for appellant.

*Dudley W. Conner,* Hattiesburg, for appellee.

ETHRIDGE, J.

The City of Hattiesburg, appellant, brought this suit in the Chancery Court of Forrest County against L. & A. Contracting Company, appellee (called company), to enjoin violations of its zoning regulations. Since the company's property was subject to a nonconforming use, an injunction was sought against violations of the zoning ordinance by the extension of such use. The chancery court sustained the company's general demur-

rer to the bill of complaint, and the city declining to plead further, its bill was dismissed. Roy A. Howell was also an original party complainant, as a member of a class of thirty-one property owners in the vicinity. After the demurrer was sustained to the bill, Howell obtained leave of the trial court to amend his bill, he did not appeal, and his rights, if any, are not involved in this appeal.

The issue is whether the trial court was correct in sustaining the company's demurrer to the city's bill of complaint, and dismissing it. We hold this was error. The city's suit to enjoin violation of its zoning ordinance should have been heard by the trial court on its merits.

On demurrer of appellee, the facts alleged in appellant's bill must be taken as true. In 1958 Hattiesburg's zoning ordinance went into effect. At that time and subsequently the company owned about fifteen acres of land within the city limits, in a residential district. The use of this tract for commercial purposes constituted a nonconforming use. Section 8 of the zoning ordinance limits the expansion of a nonconforming use to a maximum of 20 percent of the previous nonconforming use area. The bill charged that the company had expanded its commercial use of the property beyond the limits placed on it by the ordinance at the time the property came in the city limits, that in using the land for commercial purposes defendant placed on it waste lumber, bricks, concrete and other materials of all kinds and character used in its construction business, stored on it heavy equipment, and used it for a dumping ground and junk yard for all kinds of equipment and material. It averred that all of these acts, in excess of a 20 percent area of expansion since the property came in the city limits, were in violation of the zoning ordinance, and detrimental to the general public health, safety and welfare of the community; that such use caused adjoining property in this area, zoned as residential, to

decrease in value, and would continue to do so, and was inconsistent with and in violation of the city zoning ordinance.

Hence the bill prayed for a permanent injunction, restraining defendant from using its property for a use exceeding the 20 percent expansion allowance for commercial purposes, and from placing materials and equipment used in the construction business upon the land, and asked for a mandatory injunction ordering removal of the construction material and equipment from this property classified as residential, and for general relief.

The company's general demurrer, in addition to averring there was no equity on the face of the bill, asserted that complainant had not exhausted its administrative remedy, since there had been no hearing by the board of review established by the ordinance of any complaint, and the board had made no report to the mayor and commissioners; and further, the bill should have been brought by the city engineer, designated by the ordinance as the enforcement officer of zoning for the municipality.

The zoning statutes give the governing body of a municipality broad zoning powers in accordance with a comprehensive plan. Miss. Code 1942, Rec., § § 3590-3597. Section 3593 grants it power to determine, establish and enforce zoning regulations and restrictions. Section 3596 (as amended by Miss. Laws 1962, ch. 554) is controlling here. It states:

"In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure, or land, is used in violation of the zoning law or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of any county or municipality, in addition to other remedies, may institute any appropriate action or proceedings, to prevent such

unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business, or use in or about such premises.''

The statute further provides that anyone who knowingly and willfully violates the provisions of a zoning ordinance is guilty of a misdemeanor, ''and in case of continuing violation without reasonable effort on the part of the defendant to correct same,'' each day the violation continues thereafter shall be a separate offense, subject to a fine for each offense not to exceed $100.

Section 3596 is an express grant of power to the governing authorities of a municipality, in addition to other remedies, to institute in the chancery court a suit for an injunction to prevent the unlawful violation of a zoning ordinance, including the maintenance and use of property in violation of it, to restrain and abate such violation, and to prevent unlawful uses of the premises.

■■ ■ With substantial uniformity, the courts have held that the municipality itself, having adopted a zoning ordinance, may pursue the remedy of obtaining an injunction against a violator of it, and is not limited to a proceeding to enforce a penalty. This is the general rule even though an injunction is not specifically authorized by statute. 101 C.J.S., Zoning, § 394. The express grant of such power to a municipality by statute, as in section 3596, eliminates any doubt as to the authority of the city to pursue the remedy of injunction. Ibid., § 397; 58 Am. Jur., Zoning, '§ 188; Annos., Injunction as a Remedy for Violation of a Zoning Ordinance, 54 A.L.R. 366, 368 (1928), 129 A.L.R. 885, 890 (1940); Anno., 140 A.L.R. 1374 (1942); 2 Rathkopf, The Law of Zoning and Planning, ch. 66, p. 227 *et seq.* (1962); 1 Metzenbaum, The Law of Zoning 147 *et seq.* (1955).

2 Yokley, Zoning Law and Practice, § 191 (1953) states: "It is well settled that a city may, in the enforcement of its zoning ordinance and to prevent and thwart violations thereof, pursue the remedy of seeking an injunction to halt or prevent said violation, and the mere fact that penal provisions are provided in the ordinance does not preclude equitable relief by resort to injunction proceedings." This text cites numerous cases to this effect. Cf. Rose v. City of Andalusia, 249 Ala. 333, 31 So. 2d 66 (1947).

■■ Moreover, "in the case of property subject to nonconforming use, an injunction may be granted against the violation of a zoning ordinance by the extension of such use." 101 C.J.S., Zoning, § 397, p. 1242; Humphreys v. Stuart Realty Corp., 364 Pa. 616, 73 A. 2d 407 (1950); see President and Trustees of Village of Ossining v. Meredith, 190 Misc. 142, 73 N.Y.S. 2d 897 (1947); Driscoll v. Brunner, 64 N.Y.S. 2d 161 (1945), affirming 270 App. Div. 1025, 63 N.Y.S. 2d 644. In a converse situation, Brooks v. City of Jackson, 211 Miss. 246, 51 So. 2d 274 (1951), held that private individuals who are injuriously affected by a void zoning ordinance could enjoin a city and property owners claiming under it from enforcing the ordinance. Cf. Ballard v. Smith, 234 Miss. 531, 107 So. 2d 580 (1958).

■■ Ordinance section 11 designates the city engineer as the enforcement officer for zoning, and provides that no building or structure shall be erected or altered without a building permit from the enforcement officer. This provision designates an agent to assist the board of mayor and commissioners, but it does not deprive them of their responsibility of representing the city, and it does not affect their power under code section 3596.

■■ Ordinance section 12 creates a board of review consisting of five members appointed by the board of mayor and commissioners, with authority to hold public

hearings whenever required before any permits are issued, to hear complaints against any action of the enforcement officer, applications for temporary permits, and requests for amendments or changes of the ordinance. The board acts "as a fact finding body". It is required to report to the mayor and commissioners the facts found at such hearing, with recommendations for disposition of each case.

Appellee contends that section 12 requires the city's governing body to appear before its own creature, the board of review, and to have a hearing before it prior to any determination of a zoning matter. The doctrine of exhaustion of administrative remedies, under ordinance section 12, does not apply to the governing body of the city. It was designed to give individual citizens the right to a hearing, with recommendations by the board to the mayor and commissioners. The latter must make the final decision, in the absence of an appeal to the courts. For example, the exhaustion doctrine was applied to an individual property owner in Highland Village Co. v. City of Jackson, 243 Miss. 34, 137 So. 2d 549 (1962). It does not control the governing body of the municipality. Incidentally, ordinance section 13 is a substantial rescript of code section 3596.

██ ██ The bill of complaint is not as definite and precise as it should be in its allegations of facts, but construed as an entirety, it is sufficient on general demurrer. Cf. Griffith, Mississippi Chancery Practice 284 (1950). We do not consider or decide on this appeal any questions concerning interpretation and application of ordinance section 8 (nonconforming uses). The City of Hattiesburg had the right to bring the present suit seeking to enjoin violations of its zoning ordinance. Hence the decree of the chancery court was error. It is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

*Lee, P. J., and Gillespie, McElroy and Brady, JJ.,* concur.