197 So.2d 882 (1967)
CITY OF JACKSON, Mississippi, et al.
v.
SUNRAY DX OIL COMPANY and Theo P. Costas.
No. 44402.
Supreme Court of Mississippi.
April 24, 1967.
E.W. Stennett, Val Surgis, W.T. Neely, P. Zeb Jones, F. Kent Stribling, Jackson, for appellants.
Henley, Jones & Henley, John Land McDavid, Watkins, Pyle, Edwards & Ludlam, Robert H. Weaver, Jackson, for appellees.
PATTERSON, Justice.
This is an appeal from the Circuit Court of the First Judicial District of Hinds County wherein the trial court reversed the action of the Jackson City Council which had denied Sunray DX Oil Company a permit to build a service station. The *883 court below then ordered the issuance of the requested permit. We affirm.
Sunray made application to the proper department of the city for a permit to construct a prefabricated metal building and a 50-foot sign on a site abutting the east side of the frontage road which borders Interstate Highway 55 on its east side and which is approximately 250 feet south of the intersection of Briarwood Drive and the frontage road on the east side of Interstate Highway 55.
Thereafter, Sunray was advised by the permit department that the city building code required a building of masonry construction and limited signs to thirty feet in height, and that Sunray's request for variances from the code would have to be submitted to the city council for approval. Prior to the scheduled council meeting a number of residents of Briarwood Subdivision adjacent to the proposed building site filed objections to the granting of the permit. Sunray then withdrew its application for variances and advised the permit department it would construct its service station in conformity with the city building code. However, Sunray was then advised that since the matter was scheduled to be heard by the city council, the application could not be withdrawn since an objection had been filed.
Theo P. Costas, owner of the site, did not join in the permit application, but did take part in the hearing before the city council and is a party-appellee here. Residents and their counsel appeared before the city council to offer objection, which, in summary, was: That the operation of a service station would constitute a nuisance in the neighborhood; that there was no sanitary sewer available to the site and that use of septic tank would be unsatisfactory; that there were no storm drains and gutters to take care of surface water from the site; that the service station would create a fire hazard and traffic congestion in the residential neighborhood, and that there were already numerous service stations in the area and no need for another. Letters written by protesting residents were also made part of the record.
U.J. Little, head of the permit department, testified that sewer and water facilities were not available, but that other commercial properties in the area were using septic tanks satisfactorily on a temporary basis. The mayor noted that the owner of the property would be entitled to request sewer and water services from the city.
After hearing the arguments of counsel and viewing the area, the city council denied the application for a building permit.
Sunray and Costas appealed to the circuit court, basing their argument primarily on the proposition that the matter before the city council was not a zoning case, but an action to obtain a permit for construction of a building and a sign in a commercial district; that the sole issue was whether the variances (the request for which already had been withdrawn) from the city building code would be granted and not whether a service station would constitute a nuisance. The circuit judge reversed the action of the city council and ordered that the requested building permit be issued. His written ruling is worthy of note:
Upon the hearing the Court raised the question as to whether or not the proceedings before it constituted an actual appeal.
The property having once been legally zoned commercial some eight years ago the refusal to issue a permit, it appears, would normally create a situation where the proper legal procedure would be by a writ of mandamus. There is no discretion involved, and there is no occasion here for the City Council to sit in a judicial capacity, or as a court of special and limited jurisdiction.
* * * * * *
The Court is uncertain as to whether or not it has the right to order the permit clerk to issue the permit in the situation here presented to the court.

*884 Due to the injection of the nuisance issue in the case however, the appellants here (Sunray and Costas) feel it would be more prudent to take an appeal rather than proceed by mandamus. The Court can only consider the case in the light of what is presented by the pleading before it.
* * * * * *
From what has been said above there is some doubt in my mind of the appropriateness of an order being entered here. However, section 1195 of the Code of 1942 which deals with appeals to the circuit court from boards of supervisors and municipal authorities provides that circuit courts upon reversal shall enter such order as the board or municipal authority should have entered.
From this ruling the City of Jackson and the concerned residents appealed to this Court.
The site and area in question were zoned as Class B-Commercial District by the Hinds County Board of Supervisors in 1958. When the land was taken into the city of Jackson in 1959 by expansion of the municipal limits, it retained the zoning classification assigned by the board of supervisors. Highland Village Land Co. v. City of Jackson, 243 Miss. 34, 137 So.2d 549 (1962). Provisions of the commercial zoning ordinances of the county and the city are the same and prohibit "all uses excluded from the `C' Industrial District." Service stations are not specifically prohibited. Excluded from the Industrial District classification, however, is the following: "And in general those uses which have been declared a nuisance in any court of record, or which may be obnoxious, or offensive by reason of the emission of odor, dirt, smoke, gas, noise, or danger from fire or explosion." Jackson, Mississippi, Zoning Ordinance, adopted June 1, 1950, recorded in Minute Book "Z", Pages 198-203.
This case does not involve the zoning or rezoning of an area, but the issuance of a building permit for a service station in a district zoned "Commercial" under an ordinance not specifically prohibiting such business, but prohibiting "in general those uses which have been declared a nuisance in any court of record. * * *" The question here is whether the last above-quoted phrase is broad enough to grant the city council authority to deny the right to build a service station which is not a nuisance per se.
In those numerous cases before this Court wherein service stations have been declared nuisances, the particular facts and surrounding circumstances have been determinative, not the business itself. These cases are primarily zoning or rezoning cases involving interpretations of special city ordinances or injunctions against operating service stations already built. National Refining Co. v. Batte, 135 Miss. 819, 100 So. 388, 35 A.L.R. 91 (1924), involves an injunction suit against a service station already in operation which was conducted so as to be a nuisance. Gulf Refining Co. v. City of Laurel, 187 Miss. 119, 192 So. 1 (1939) concerns a city ordinance requiring a special permit for operation of service stations within the city limits. Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152 (1958), does not deal with the question of nuisance specifically but rather involves an injunction suit on the question of whether a zoning ordinance had been properly enacted.
There are four "use districts" in the Jackson zoning ordinance. They are: residential, commercial, industrial districts, and additionally, state, county, church and other tax-free lands. Each of these classifications bestows certain prerogatives to the owners thereof and, of course, in many instances, restrictions as to the use of the properties.
It is true that the commercial district and site in question abut residential *885 property with the likelihood of ill will between the parties, as the full use of the commercial area by its owner might be offensive to the residential neighbors. However, the commercial owner is as entitled to the full use of his property as is his residential counterpart. What this Court has declared to be a nuisance under other facts and circumstances cannot with justice be applied here, as this action would be a denial of that to which the owner of the commercial property is legally entitled and would in effect place upon him the burden of showing that a filling station is not a nuisance per se when in fact a filling station is neither listed with the businesses prohibited in a commercial area nor has this Court held such business to be a nuisance per se. If this legal and valuable right is to be restricted as a nuisance, then the burden of establishing this fact rests upon the adjacent owners by timely proceedings in the proper court, and until the construction is declared to be a nuisance and enjoined as such, the appellee is entitled to the building permit by mandamus or otherwise. As stated by the learned trial judge, "Orderly procedure must be followed in all cases. A person cannot have his property practically confiscated in order to avoid depreciation to other property when the same grows out of the natural progress of a growing city."
According to the contention of appellants there are nine service stations within a one-mile radius of the proposed building site and twenty-two stations within a two-mile radius. If we applied the interpretation to the ordinance advanced by the appellants, service stations could not be constructed anywhere within the city.
As was said in Desporte v. City of Biloxi, 136 Miss. 542, 100 So. 387 (1924):
We simply hold that under our statute a municipality has no authority to prohibit any condition on the ground that it is a nuisance and inimical to the public health, unless in truth and in fact the evidence shows it is such a nuisance; that a municipality is without authority to pass an ordinance denominating a thing a nuisance, when in truth it is not a nuisance. * * *
We are of the opinion that the judgment of the trial court should be affirmed, though this affirmance should not be considered an endorsement of the procedural route this case has taken.
Affirmed.
ETHRIDGE, C.J., and INZER, SMITH, and ROBERTSON, JJ., concur.