ETHRIDGE, Chief Justice:
John Evanovich, appellant, brought this action in the Chancery Court of Harrison County against appellee-defendant, A. C. Hutto, Jr., individually and as administrator C.T.A. of the estate of A. C. Hutto, Sr., deceased, and the other heirs of deceased. To an amended and supplemental bill of complaint, the defendants entered seven special pleas in bar. Two of them were sustained, namely, the six-year statute of limitations and laches. No testimony was heard. The final decree dismissed the bill, and this appeal is from that action.
The principal question is whether the bill of complaint sufficiently charges facts which would justify a finding that a written contract to form a partnership in the future culminated in the actual formation of a partnership between Evanovich and A. C. Hutto, Sr. On a preliminary hearing of a special plea in bar without evidence, all of the averments of the bill so far as well pleaded will he taken as admitted. Griffith, Mississippi Chancery Practice § 341 (2d ed. 1950).
In brief, the bill of complaint charged that in 1953 Hutto and Evanovich entered into a written contract, a copy of which was attached. It provided that Evanovich would begin work with Hutto in construction of a shipyard and development company to be named Arcadia Boat Works, on the basis of a drawing account of $30 per week. The contract stated:
II
In the event that A. C. Hutto and John Evanovich continue this arrangement for a period of three years, then in that event, John Evanovich shall become an equal partner with A. C. Hutto in all land development, then and there being carried on.
III
John Evanovich shall have no personal liability during the three year period.
IV
In the event this partnership arises at the end of the three year period, it will include business and development property, the drawing account at this time of John Evanovich will be negotiated.
Complainant worked and continued to work in and about this business from the date of the contract up to approximately six months after the death of Hutto, Sr. in 1960, when he was removed from the job by the administrator. During all of this period complainant worked as a partner in and about the premises in the execution of the contract. The bill itemized in great detail the work which Evanovich did, including excavating, filling, and developing the boat works, surveying the land, digging *479 channels, roads, and laying out culverts, constructing the shipyard, purchasing material, laying and furnishing rail, welding and machine work, furnishing lumber and building forms for pilings, constructing buildings, installation of machinery, and numerous other items specifically averred in the bill as work under the contract and in pursuance of it. This included material and equipment furnished by complainant. The bill asked for an adjudication of the existence of the partnership and for an accounting. Charging these facts, it averred that the conditions of the agreement were fully complied with and performed, and that in all of his work complainant was a full partner with Hutto. In 1961 Evanovich probated a claim for personal services in the promotion and development of Arcadia Place and Arcadia Boat Works, in the amount of $59,142.10. His affidavit to the claim stated that he was also asserting a one-half interest in the property and business, and his claim should not be construed as waiving his interest as a surviving partner of decedent. This action was filed in 1964.
The pleadings reflect that complainant adequately averred in his bill of complaint not only an executory written contract to form a partnership, but also the performance of the necessary conditions precedent to its performance, actual formation of the partnership, actions of both partners under it, and its existence at the time of Hutto’s death. See 68 C.J.S. Partnership § 11 (1950); 40 Am.Jur. Partnership §§ 27, 498 (1942). Since a partnership was actually formed and continued in operation up to the time of Hutto’s death, there was no basis for dismissing the bill on a plea of laches, which is not delay in asserting a right, but delay resulting in a disadvantage, which would make it inequitable to permit the party to assert his right. Comans v. Tapley, 101 Miss. 203, 57 So. 567 (1912). No such factors exist on the pleadings. Since the bill sufficiently charged facts reflecting continuance of the partnership to Hutto’s death, the six year statute of limitations is not applicable. Miss. Code 1942 Ann. § 722 (1956).
Moreover, there is no merit in the other special pleas in bar. Neither estoppel nor election of remedies is pertinent. Since the partnership was a fiduciary relationship, the statute of frauds pertaining to a claim for an interest in real property does not apply. Miss.Code 1942 Ann. § 264 (1956). The six months statute of limitations as to claims of creditors is irrevelant. Miss.Code 1942 Ann. § 569 (1956). Accordingly, this case is reversed, the special pleas are overruled, and the cause is remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.