ETHRIDGE, Chief Justice.
This case involves an appeal and a cross-appeal from a judgment of the Circuit Court for the First Judicial District of Hinds County which reversed that portion of a Jackson City Council order that denied a request by Beth Israel Congregation to rezone its property to commercial uses, but affirmed that part of the order which refused to allow a service station to be constructed on the property.
After having made the proper application to the City of Jackson Zoning Committee, Beth Israel Congregation, on May 9, 1967, filed a petition before the Jackson City Council requesting that its property at 546 East Woodrow Wilson Boulevard be rezoned from church to commercial uses so that a service station could be constructed on the site. The State of Mississippi, *677 through its agencies, the State Board of Health and the State Building Commission, filed an objection to the proposed rezoning, and after final hearing, the city council entered an order denying permission to construct a service station on the property and refusing to rezone the property to commercial uses.
The circuit court held that Beth Israel Congregation was entitled to have its property rezoned commercial, but affirmed that part of the city council order that denied the use of the subject property for a service station facility. From this judgment, Beth Israel Congregation has appealed to this Court, urging that the lower court committed error in affirming that portion of the order of the Jackson City Council which denied the use for service station purposes. The State has cross-appealed, asserting that the court below erred in holding that Chapter 307 of the Laws of 1940, authorizing the conveyance of the subject property from the State to Beth Israel Congregation, did not limit the use of the property to a church site, and in holding that the subject property was automatically rezoned for commercial uses under the City of Jackson Zoning Ordinance of 1950. We reverse in part on direct appeal, affirm on cross-appeal, and render judgment here for appellant, Beth Israel Congregation.
In 1940, the Mississippi Legislature passed an act authorizing the conveyance of the subject property from the State to Beth Israel Congregation. That act recited in part:
That the state mineral lease commission be and it is hereby authorized and empowered to sell and convey to Beth-Israel Congregation of Jackson, Mississippi, or other person or corporation, at and for the sum of two thousand ($2,000), the following described lands for a church site. * * * (Miss.Laws 1940, ch. 307, at 558— 559) (emphasis added).
This phrase, “for a church site,’' is also found in the deed of conveyance from the Mineral Lease Commission to Beth Israel Congregation. Appellees and cross-appellants contend that this phrase is effective in itself to limit and restrict the use of the subject property to a church site. However, in the absence of a reverter clause or appropriate words to show a clear intent on the part of the State to create a condition, we think that the statement in the deed that the land is conveyed “for a church site” is merely a declaration of the purpose of the conveyance, and does not operate to limit the grant. Frederic v. Merchants & Marine Bank, 200 Miss. 755, 28 So.2d 843 (1947); Nicholson v. Myres, 170 Miss. 441, 154 So. 282 (1934); 26 C.J.S. Deeds §§ 134, 141 (1956).
Section 6 of the General Zoning Ordinance of the City of Jackson provides:
STATE, COUNTY, CHURCH AND OTHER TAX FREE LAND: Be it further ordained that in the “D” area as shown [state, county, church and other tax free land under Section 2] the uses now existing may continue, but upon the discontinuance of that use, then shall the property become zoned within the highest classification of which this property abutts [sic] or is a part thereof.
The lower court held that the above section is self-executing, and since Beth Israel Congregation’s property is abutted by commercially zoned property, it automatically became rezoned commercial when it ceased to be used for church purposes. Although this ruling was assigned as error by the ap-pellees and cross-appellants, it is unnecessary to rule on this point since the undisputed evidence clearly shows that the Jackson City Council’s order denying the rezoning of the subject property was arbitrary and capricious.
The Beth Israel Congregation’s property is a 200 foot by 250 foot lot located on the north side of Woodrow Wilson Boulevard, about 216 feet west of the Woodrow Wilson Boulevard and North State Street intersection. The neighborhood in which the prop *678 erty is located includes Millsaps College, Bailey and Murrah Public Schools, University Medical School and Hospital, many doctors’ offices and clinics, State Board of Health Building, and the Jackson Memorial Stadium. It is bounded on the west by commercially zoned property upon which an office building is located, and on the east by property zoned semi-public, owned by the State, and leased to the Mississippi Federated Women’s Clubs, upon which is a residential type structure used as a residence and office. Across Woodrow Wilson Boulevard from the subject property is land belonging to Millsaps College, which has been zoned commercial for a shopping center. The latest Mississippi State Highway Department traffic count indicates that the intersection of Woodrow Wilson and North State is the most heavily travelled intersection in Mississippi. There is no service station located within a block in any direction from it.
That portion of the Jackson City Council’s order denying the use of the subject property for a service station facility was grounded upon its belief that “the establishment of a filling station on the said land would adversely affect the use and occupancy of the surrounding land, and create traffic congestion and hazards at the highly travelled intersection of State Street and Woodrow Wilson Avenue. * * * ” With the exception of a few letters written by individuals protesting the proposed rezoning, however, there is nothing in the record from which the council could draw that conclusion. The only formal objection to the proposed rezoning, filed by the State through its agencies, the Building Commission and Health Department, was directed tO' the sole proposition that rezoning to commercial uses and permitting a service station on the lot would violate the phrase “for a church site” contained in both the statute and the deed. The State offered no evidence that would tend to show the impropriety of granting permission to build a service station on this property. On the other hand, two comprehensive feasibility studies of the proposed rezoning were submitted by Beth Israel Congregation to support its petition. These studies, separately conducted by qualified appraisers and real estate experts, indicate that utilizing the property as a service station site would be the highest and best use to which it could be put, and would not create a traffic problem or adversely affect the use and occupancy of the surrounding land.
The City Council’s decision to deny Beth Israel Congregation’s request to build a service station, being totally unsupported by the evidence, must necessarily be interpreted as arbitrary and capricious. A service station is not a nuisance per se. The “particular facts and surrounding circumstances” are determinative, and in the absence of good cause, the owner of commercially zoned property cannot be denied the right to erect a service station upon it. City of Jackson v. Sunray DX Oil Company, 197 So.2d 882, 884 (Miss.1967).
In summary, we hold that the circuit court was correct in deciding that Beth Israel Congregation was entitled to have its property rezoned commercial, but erred in deciding that the City Council could deny the use of the property for a service station. Accordingly, the judgment of the circuit court is affirmed in part, and reversed in part on the direct appeal. The case is affirmed on cross-appeal, and judgment is rendered here for the appellant authorizing it to use such commercially zoned property for a service station.
On direct appeal, affirmed in part and reversed in part, and judgment rendered here for appellant; affirmed on cross-appeal.
RODGERS, JONES, BRADY and SMITH, JJ., concur.