231 So.2d 801 (1970)
June SULLIVAN
v.
Duncan A. McCALLUM et al.
No. 45625.
Supreme Court of Mississippi.
February 9, 1970.
Rehearing Denied March 9, 1970.
Scales & Scales, Fred T. Rucker, Jackson, for appellant.
Paul G. Alexander, Jackson, for appellees.
PATTERSON, Justice.
This is an appeal from a decree of the Chancery Court of the First Judicial District of Hinds County which enjoined the appellant from using her residence as a beauty shop in violation of the terms of a protective covenant applicable to Presto Heights Subdivision.
In September 1959 the original owner and subdivider of Presto Heights adopted a protective covenant for the area. The *802 covenant was designed to protect the purchasers of lots from commercial use and to maintain the residential nature of the area. One provision stated that all lots in the subdivision should be used only for residential purposes. Another provided that any property owner in the subdivision had the right to bring suit against any other property owner for enforcement of the covenant. The parties own homes in the subdivision.
The appellees brought this suit against the appellant, alleging that the use of her home as a commercial beauty parlor violated the terms of the protective covenant.
Though the suit was consolidated for trial with another of similar issues, there is only this appeal.
The appellant admitted that she used a portion of her home as a beauty parlor, but defended by averring that she had obtained a permit in January 1969 from the Hinds County Board of Supervisors for such use and that the appellees by permitting, without complaint, the use of the premises as a beauty parlor for more than six years are now barred by laches from maintaining this suit. The defendant also urged as a defense that the complainants had not exhausted their administrative remedies and are therefore estopped from maintaining the present suit.
After hearing, the court entered its decree enjoining the defendant from operating a beauty shop within her residence as the use violated the terms of the covenant. The defendant on appeal assigns as error that the court erred in not finding as a matter of law that the appellees were guilty of laches in delaying six years before filing suit and that the appellees had not exhausted their administrative remedies prior to seeking injunctive relief.
We are of the opinion that the first point is without merit since a fundamental rule of the doctrine of laches is that the person who seeks to invoke it must first establish that the delay has resulted to his injury and that it would be inequitable to sustain the suit. Evanovich v. Hutto, 204 So.2d 477 (Miss. 1967), and Comans v. Tapley, 101 Miss. 203, 57 So. 567 (1912). The evidence here reflects that rather than being injured by the passage of time the appellant has gained financially from the commercial use of her residence for approximately six years. Under these circumstances we are of the opinion that the case of Twin States Realty Co. v. Kilpatrick, 199 Miss. 545, 24 So.2d 752, 26 So.2d 356 (1946), relied upon by the appellant, is not controlling as in that case, which sustained the doctrine of laches, there was an adjudication that the right asserted was long delayed and came subsequent to a substantial investment by the defendant for the purchase of real property, and that it would be inequitable due to the passage of time and the loss of investment not to uphold laches. We discern no inequitable circumstance in the present case. It is our opinion this assignment of error is without merit.
The appellant next contends that the court erred in issuing the injunction since the complainants were judicially estopped to bring the injunction suit as they did not appear before the board of supervisors to contest the issuance of the use permit. She also contends that the complainants did not exhaust their administrative remedies prior to filing this action and as a result thereof they lacked standing to bring this suit.
The record reflects that on October 11, 1968, the appellant applied to the Hinds County Board of Supervisors for a permit to use a portion of her home as a beauty parlor. Objections were filed by some of the appellees to the application; however, the objectors did not appear in person to contest the matter and the permit was issued to the appellant on January 6, 1969. This injunction suit was filed November 18, 1968, prior to the issuance of the permit. The testimony of the appellant, which is uncontradicted, is that she began to use her home as a beauty parlor some six years prior to the institution of the *803 suit. The complaint is that the operation was in violation of a protective covenant involving the property rights of the complainants. This position is not inconsistent with the objection to the issuance of a use permit. Judicial estoppel differs from equitable estoppel in that it is not necessary to show elements of reliance and injury since it is based on expedition of litigation between the same parties by requiring orderliness and regularity in pleading. Great Southern Box Co. v. Barrett, 231 Miss. 101, 94 So.2d 912 (1957). It normally arises from the taking of a position by a party to a suit that is inconsistent with a position previously asserted. We are of the opinion that there is no inconsistency of positions by the appellees giving rise to judicial estoppel. For this reason it is our opinion that this assignment of error is unavailing.
The next contention is that the appellees have not exhausted their administrative remedies. Such, it is charged, must be done prior to suit for injunction. The argument in this regard is that the objection to the application for a use permit must be followed to its ultimate disposal prior to the complainants having standing to maintain a suit for the extraordinary writ of injunction. In support of this position we are cited the cases of City of Hattiesburg v. L. & A. Contracting Co., 248 Miss. 346, 159 So.2d 74 (1963), and Highland Village Land Co. v. City of Jackson, 243 Miss. 34, 137 So.2d 549 (1962), as well as Mississippi Code 1942 Annotated sections 2890.5 and 3590 (1956).
We have reviewed these cases and sections and in order not to belabor the fact that this litigation arises from personal rights derivative from a protective covenant, we do not enter into a dissertation upon the cases and statutes cited as they relate to zoning requirements and appeals therefrom. As such they are not analogous to the present situation. No authorities are cited, and we doubt that there could be, for the proposition that the board of supervisors of a county has the authority by the issuance of a use permit to change or alter a solemn personal contract with regard to the use of land. We therefore find no merit in this assignment of error.
We are of the opinion that the decree of the trial court in directing an injunction to issue prohibiting the use of the defendant's residence as a beauty parlor should be affirmed, but that portion of the decree requiring the complainants to post bond was superfluous as the hearing was final in its nature. The cause will therefore be affirmed.
Affirmed.
GILLESPIE, P.J., and INZER, SMITH, and ROBERTSON, JJ., concur.