296 So.2d 689 (1974)
Joe W. HUGHES and Lee B. Agnew, Jr., et al.
v.
MAYOR AND COMMISSIONERS OF the CITY OF JACKSON.
No. 47881.
Supreme Court of Mississippi.
June 4, 1974.
Rehearing Denied July 15, 1974.
E. Grant Tharpe, Jackson, for appellants.
Arthur D. Currie, Jackson, for appellee.
SUGG, Justice:
This is an appeal from an order of the Circuit Court of Hinds County affirming an ordinance of the City Council of Jackson rezoning certain property to commercial uses.
The subject property is owned by Briarwood Presbyterian Church and has been used for church purposes for several years. The subject property is a trapezoidal parcel and lies along the east frontage road *690 adjoining I-55, north of Briarwood Drive. Petitioner attempted to have the property rezoned for commercial uses in anticipation of its sale for development of low-rise office structures, thus permitting relocation of the church building to land owned by it east of and adjacent to the subject property.
An evidentiary hearing was held before the Zoning Board under authority of an ordinance,[1] adopted by the City Council on March 30, 1971, empowering the Zoning Board to hear evidence and make recommendations in zoning cases. At the conclusion of its proceedings, the Board recommended to the City Council that the subject property be rezoned commercial. Protestants appealed to the City Council and on April 10, 1973, the City Council followed the recommendation of the Zoning Board by adopting an ordinance rezoning the subject property from Residential A-1 to commercial uses and purposes. Thereafter, the protestants appealed to the Hinds County Circuit Court which affirmed the Council's decision.
It has long been held by this Court that the burden of proving the public need for a change in zoning rests on the property owner who petitions for such a change. City of Jackson v. Husbands, 233 So.2d 817 (Miss. 1970) and cases cited therein. The petitioner's proof must reflect either some mistake in the original zoning or a change of conditions in the area of subject property so substantial as to warrant rezoning. City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962).
In the hearing before the Zoning Board, the Church failed to adduce any evidence showing either a mistake in the original zoning or a substantial change of conditions in the area of the subject property. Instead of producing witnesses in support of the petition to rezone, counsel for the Church made the following statement to the Zoning Board:
Well, as far as the law is concerned the only thing that I am here today to put into this record is that the Church wishes to abandon this property for church utilization and to place it on the tax rolls as commercial development and I have been relying on the Beth Israel v. City of Jackson [210 So.2d 676 (Miss. 1968)], the Supreme Court of Mississippi stated that when property ceases to be used for church utilization that it reverts automatically to the use of the highest use of the abutting property, this property abuts ... commercial... . This is what I am going to rely upon  and that's it.
Thereupon counsel for the protestants produced six homeowners from the area who testified that a rezoning of the subject property would aggravate the critical traffic conditions then existing at the Briarwood interchange. At this point the Director of the City Planning Board testified that any future traffic problem around the Briarwood interchange would be alleviated by a comprehensive plan that would entail changing the interchange at I-55 and Briarwood; creating a new interchange and route across I-55 north of Briarwood by connecting Beasley and Adkins Boulevard; providing for different exits from the frontage roads south of Briarwood to I-55; elimination of the exits to I-55 at Briarwood; and, provide for one way traffic on the frontage roads on each side of I-55 at Briarwood. Upon this evidence, the Zoning Board recommended to the City Council that the subject property be rezoned commercial.
The record in this case is devoid of any evidence reflecting any mistake in the original zoning of the subject property or showing that conditions in the area of the subject property have changed so substantially as to warrant a rezoning. The Church argues, however, that it was not necessary for it to present such evidence *691 because it is entitled to have the subject property rezoned for commercial uses as a matter of law under authority of section 6 of the Zoning Ordinance of the City of Jackson. That section states:
STATE, COUNTY, CHURCH AND OTHER TAX FREE LAND: Be it further ordained that in the "D" area as shown, the uses now existing may continue, but upon the discontinuance of that use, then shall the property become zoned within the highest classification of which this property abutts [sic] or is a part thereof.
The Church contends that use of the subject property for church purposes has been discontinued and that the highest classification to which the property abuts is commercial.
As a condition precedent to the right of a petitioner to have his property rezoned under the authority of section 6 of the ordinance, the property must be zoned within the "D" classification at the time the petition is filed. The petition filed by the Church and the published notice that the petition would be heard by the Zoning Board stated that it was zoned "church utilization." To the contrary, the minutes of the Zoning Board for the January 8 and February 12, 1973 meeting and the notice published by the City Council show that the subject property was zoned "Residential A-1." In addition, the City Council, in its ordinance rezoning the subject property commercial, stated:
[T]he said property is hereby rezoned and changed from Residential A-1 to commercial uses and purposes....
Although the subject property had been utilized for church purposes, according to the record, it had retained an A-1 Residential zoning. Therefore, section 6 of the zoning ordinance is inapplicable to the facts in this case and the Church is not entitled to an automatic rezoning thereunder.
Since the Church failed to produce any evidence reflecting a mistake in the original zoning or showing a substantial change of conditions in the area of the subject property, the City Council acted arbitrarily and capriciously in rezoning the subject property, and it was error for the Circuit Court to affirm the Council's decision. Therefore, the decisions of the Circuit Court, City Council and Zoning Board are hereby reversed and the petition to rezone is dismissed.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER and SMITH, JJ., concur.
NOTES
[1] In City of Jackson v. McMurry, 288 So.2d 23 (Miss. 1974), the ordinance was held to be a valid and reasonable exercise of the legislative authority of the City of Jackson.