LEE, Justice,
for the Court:
Frank E. Rice filed suit in the Chancery Court of the First Judicial District of Hinds County, Honorable J. C. Stennett, presiding, against Enoch J. Williams for a partnership *734 accounting. Williams answered the bill of complaint, filed a cross-bill, and, after the hearing, the lower court awarded Williams the sum of seventy-one thousand five hundred twenty-three dollars twelve cents ($71,523.12) on the cross-bill, from which judgment this appeal has been taken.
General factual questions involved in the trial were whether or not a partnership existed between Rice and Williams, the salary and fees to be paid the parties, whether Rice deposited all fees received for architectural work into the partnership account, and dissolution of the partnership.
Without detailing the evidence, the chancellor held that a partnership existed between Rice and Williams based upon a verbal agreement, beginning in June, 1967; that Williams was to receive a salary of eight hundred sixty-six dollars ($866.00) per month plus twenty percent (20%) of the net profits of the firm; that, during such time, Rice was in exclusive possession of the firm’s books, Williams was not allowed .to examine them, and Rice did not pay Williams the proper percentage of the net profits; that fraud was perpetrated by Rice because of his failure to deposit fees payable to the firm; that in 1972, the parties agreed to share equally in profits and, in addition, Williams was to receive a draw of one thousand dollars ($1,000) per month; that said monthly salary was not always deducted from net profits prior to the division of income, resulting in an overpayment to Rice from 1972 to 1975 in the sum of twenty thousand three hundred eighty-three dollars twenty-seven cents ($20,-383.27); and that the partnership terminated December 31,1975, by retirement of Rice and his withdrawal from the firm.
The chancellor allowed the claim of Rice for some items and denied his claim as to others, and allowed the claim of Williams as to some and denied his claim as to others. The total judgment entered for Williams was $71,523.12, and, on this appeal, Rice argues only that the lower court erred in awarding Williams the sum of $20,383.27, representing the overpayment of profits to Rice during the years 1972 to 1975, and in failing to allow Rice rentals for use of the premises owned by him, which were occupied by the partnership. The chancellor’s finding on the facts was not manifestly in error and was supported by the evidence.
I.
Rice contends that the claim of Williams for overpayment of profits is barred by the statute of limitations, Mississippi Code Annotated Section 15-1-29 (Supp. 1979)[1] which provides that actions brought on any unwritten contract, express or implied, shall commence within three (3) years after the cause of action has accrued.
60 Am.Jur.2d Partnerships § 274, at 177-178 (1972) states the following:
“No hard and fast rule can be laid down as to the time from which the statute of limitations runs on the right of a partner to have an accounting; rather, the time when the right of action to sue for the settlement of partnership affairs accrues depends upon the circumstances of each particular case.
On the ground that partners, as between themselves, are trustees, it has been held that the statute of limitations will not run against their liability to account to each other during the continuance of the partnership. The statute of limitations may begin to run from the time that nothing remains to be done except to settle the affairs of the partnership, or from the date when it is the duty of the accounting partner to have the firm in a condition for its complete settlement.”
60 Am.Jur.2d Partnerships § 275, at 178 (1972) provides with reference to limita *735 tions: “It is, however, well settled that the statute does not in any event begin to run until after the dissolution of the partnership." See also Evanovich v. Hutto, 204 So.2d 477 (Miss.1967).
Since Rice and Williams operated as partners, a fiduciary relationship existed between them, which tolled the statute of limitations until a full and final accounting could be had. The accounting was instituted within three (3) years from and after dissolution of the partnership, and the statute does not bar the action.
II.
Rice next contends that the chancellor’s refusal to allow him rental for the use and occupancy of the building by the partnership constituted error.
On this question, there was a factual issue as to whether or not the partnership was to pay rental to Rice. The latter testified that the partnership was obligated to pay rental, while Williams denied same, claiming that the rental was a part of the agreement to offset services performed by Williams.
The chancellor decided the issue in favor of Williams, and, again, we cannot say that he was manifestly wrong. Richardson v. Riley, 355 So.2d 667 (Miss.1978).
Appellee Williams states that his judgment should be increased by the sum of the three thousand one hundred eighty-two dollars eighteen cents ($3,182.18) because there was a miscalculation in the amount thereof. The appellant does not admit the alleged miscalculation, there was no cross-appeal, and the matter may not be considered here.
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and COFER, JJ., concur.
BOWLING, J., took no part.

. “Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.” Miss.Code Ann. § 15-1-29 (Supp. 1979).