IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CA-01030-SCT

*CITY OF EUPORA, MISSISSIPPI*

*v.*

*MICKEY L. HODGES*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/97 |
| TRIAL JUDGE: | HON. WOODROW WILSON BRAND, JR. |
| COURT FROM WHICH APPEALED: | WEBSTER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DEWITT T. HICKS, JR. |
| ATTORNEY FOR APPELLEE: | PRO SE |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 11/12/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/3/98 |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The City of Eupora (hereinafter the "City") filed its Complaint for a permanent injunction against Mickey Hodges (hereinafter "Hodges") in the Chancery Court of Webster County on February 8, 1997 alleging that Hodges had located a mobile home within the City limits and outside of a mobile home park in violation of a municipal zoning ordinance. The Complaint stated that the purpose of the City ordinance was to prevent health and safety hazards and to promote the economical and orderly development of land. The Chancellor issued his Opinion from the bench finding that the City had not proven that the mobile home constituted any health or safety hazard. Therefore, he refused to grant the injunctive relief sought by the City. The City appeals from the Chancellor's denial of injunctive relief and presents the following issue for this Court's consideration.

**I. WHETHER THE CHANCELLOR ERRED IN FAILING TO ISSUE AN INJUNCTION WHERE THE PROOF SHOWED THAT HODGES WAS IN WILLFUL VIOLATION OF THE ZONING ORDINANCE.**

**STATEMENT OF THE FACTS**

¶2. The City of Eupora adopted a zoning ordinance in 1973, which provides in pertinent part that:

It shall be unlawful to locate, maintain, or use any mobile home on any lot or land, occupied or unoccupied, unless said mobile home and said lot or land are within a mobile home park...

The penalty for violating any provision of the ordinance is not less than $25.00 per day and not more than $100.00 per day.

¶3. Hodges testified at trial that he had asked the City for a variance for his mobile home, but the City denied his request. Hodges did not deny that he is in violation of the ordinance, and stated that his daughter and grandchildren have lived there for three years.

¶4. On cross-examination, Hodges admitted that he had received a letter from the City attorney in 1995 advising him that he was in violation of the zoning ordinance, and asking him to move the mobile home within thirty days. Hodges testified that he had gone directly to the mayor, Pete Fortner, prior to receiving the letter in an attempt to obtain a variance, but the mayor denied his request. He admitted that he never requested a variance from the full City Board.

¶5. In his Bench Opinion, the Chancellor stated that:

> For reasons known only to the City of Eupora, it has opted not to enforce its ordinance and has petitioned this Court for injunctive relief. In applying common equity principles, there is no proof before the Court that subject house trailer which has been so situated for more than three years constitutes any health or safety hazards. Finding no basis to grant injunctive relief, the matter will, therefore, be dismissed.

## DISCUSSION OF LAW

## I. WHETHER THE CHANCELLOR ERRED IN FAILING TO ISSUE AN INJUNCTION WHERE THE PROOF SHOWED THAT HODGES WAS IN WILLFUL VIOLATION OF THE ZONING ORDINANCE.

¶6. The City argues that the Chancellor erred in failing to grant its requested injunction against Hodges, and cites to this Court's decision in *City of Hattiesburg v. L. & A. Contracting Co.,* 248 Miss. 346, 159 So. 2d 74 (1963) as controlling authority. In that case, the City of Hattiesburg sought an injunction against a construction company for violation of a zoning ordinance. The Chancery Court sustained the construction company's general demurrer to the complaint and dismissed the case. On appeal, this Court held that the City of Hattiesburg had the right to bring suit seeking to enjoin violations of its zoning ordinance, and said:

> With substantial uniformity, the courts have held that the municipality itself, having adopted a zoning ordinance, may pursue the remedy of obtaining an injunction against a violator of it, and is not limited to a proceeding to enforce a penalty. This is the general rule even though an injunction is not specifically authorized by statute... The express grant of such power to a municipality by statute, as in section 3596, eliminates any doubt as to the authority of the city to pursue the remedy of injunction...

> ... "It is well settled that a city may, in the enforcement of its zoning ordinance and to prevent and thwart violations thereof, pursue the remedy of seeking an injunction to halt or prevent said violation, and the mere fact that penal provisions are provided in the ordinance does not preclude equitable relief by resort to injunction proceedings"...

*L. & A. Contracting Co.,* 248 Miss. at 350-51, 159 So. 2d at 76.

¶7. The Court determined that Section 3596 of Miss. Code 1942 was controlling in the *Hattiesburg* case. That section is now codified at Miss. Code Ann. § 17-1-19 (1995), and is entitled **Remedies of Local Governing Authorities.** That section provides that:

> In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, or any building, structure, or land, is used in violation of the zoning law or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of any county or municipality, in addition to other remedies, may institute any appropriate action or proceedings, to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct, or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business, or use in or about such premises.

¶8. We hold that the City of Eupora had the right to seek an injunction against Hodges for his blatant violation of the city zoning ordinance.

¶9. The Chancellor refused to grant the injunction because he found that the City had failed to prove that Hodges's violation constituted any health or safety hazard. It was not required to prove that the violation constituted a health or safety hazard. This Court said in *Johnson v. Hinds County,* that:

> The Court had full authority to grant injunctive relief wholly absent any showing of irreparable harm. Implicit in land use regulations enacted for the benefit of the public is that substantial violations per se cause irreparable harm.

*Johnson v. Hinds County,* 524 So. 2d 947, 956 (Miss. 1988).

¶10. Hodges's only argument at trial was that the zoning ordinance had not been enforced in the past. This Court has held that the "[f]ailure of enforcement in the past does not render a statute inoperative" and that "[a] governing authority is not precluded from enforcing an ordinance merely because certain persons have been permitted to violate it without prosecution or punishment." *Johnson v. Hinds County,* 524 So. 2d 947, 955 (Miss. 1988)(citations omitted).

¶11. The Chancellor erred in refusing to grant the injunctive relief sought by the City of Eupora. The City had full authority to seek injunction, and on these facts, the injunction should have been granted. Therefore, this case is reversed and rendered, and this Court grants the injunctive relief requested by the City.

¶12. **REVERSED AND RENDERED; INJUNCTION GRANTED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**