CITY OF HATTIESBURG, MISS., et al. *v.* PITTMAN, et al.

No. 40769          May 5, 1958          102 So. 2d 352

*C. W. Sullivan, Gray & Montague,* Hattiesburg, for appellants.

*E. J. Currie, Sr., E. J. Currie, Jr.,* Hattiesburg, for appellees.

HALL, J.

This is an appeal by the City of Hattiesburg, Mississippi, and Mrs. Myrtle G. Williams and W. J. Stokes from an order and final judgment of the Circuit Court of Forrest County reversing an order of the City Council whereby the Council refused to zone the property of appellees as commercial property.

The property in question consists of nine lots in Block 5 of the Hattiesburg Heights Fourth Survey of the City of Hattiesburg, Mississippi, less portions of said lots which have heretofore been conveyed to the Mississippi State Highway Commission. A hearing on the petition for rezoning the lots from a residential classification to the classification of commercial property was held before portions of the City Council and before the City Zoning Board of Review, and all the testimony was taken down in writing and made a portion of the bill of exceptions, upon which the appeal to the Circuit Court was predicated.

The property in question is situated southeast of Mississippi Southern College, diagonally across U. S. Highway 49 By-pass at its intersection with Hardy Street. The first lots diagonally across the intersection are occupied by a Texaco filling Station, which is zoned as commercial. The lots here in question are all situated immediately south of the Texaco filling station and the north lot of the nine in question adjoins the Texaco filling station property and the other lots in question are immediately south thereof, and all of them face the U. S. Highway 49 By-pass. In constructing this by-pass the Highway Department took the westerly end of said lots and reduced their size to approximately 100 feet in depth. The lots are not all exactly this size for the reason that the highway does not run due north and south, but at the point in question curves slightly to the east.

The appellees filed a petition for rezoning this property to a commercial classification and with their petition they filed a prospectus of hotel courts which they proposed to erect on the lot in question. According to the proof they proposed to expend approximately $250,-000 on this project. According to the zoning ordinance of the City of Hattiesburg 20 percent of the property owners within 160 feet of the property proposed to be rezoned may file a petition against the rezoning, and this was done in this case. Hattiesburg has a commission form of government, consisting of the Mayor and two Commissioners. When the hearing was had on the petition in question at a combined meeting of the City Council and the Zoning Board of Review, one of the Commissioners was absent the entire of one day and was absent intermittently on the other day of the hearing which consumed a total of two days. The other Commissioner was absent intermittently so that neither of them heard all of the proof which was submitted. The record shows, and the circuit court found, that when 20 percent of the property owners within 160 feet of the property to be rezoned shall file objections, then the Zoning Board of Review as well as the City Council invariably rejects the petition regardless of the proof and on the basis solely of the 20 percent having opposed the petition.

The record discloses that the property of the appellees is so shallow in depth from Highway 49 By-pass that it is not desirable or suitable for residential construction and that for a considerable distance south of their property there is no residential construction on the east side of the highway. Moreover the record shows that a lot only 95 or 100 feet deep is not desirable for residential construction. The zoning ordinance itself provides that any lot containing less than 7,000 square feet shall not be used for residential construction and since the largest lot involved in this case contains only 5,500 square feet, the only way the property can be util-

ized for residential construction is by using more than one lot for that purpose, and the record shows that because of the shallow depth of the lots from the highway, and further because of their proximity to the highway, the only way that the property can be utilized for residential construction is in erecting substandard residences thereon. The result is that the appellees by the order of the City Council denying the petition for rezoning are practically deprived entirely of the use of their property.

As we have already pointed out, the Texaco filling station immediately adjacent to this property is already zoned as commercial, and immediately to the west thereof across the highway five entire city blocks fronting on Hardy Street have been zoned as commercial and further to the south of Hardy Street and west of the highway there have been several other lots which have been zoned as commercial, and the whole area is this commercial section of the city is covered with various and sundry businesses of all kinds, such as gasoline filling stations, stores of various kinds, a theater and a restaurant.

But most important of all in this case, the record shows that there is a distinct need in that area of the city for sleeping accommodations. Mississippi Southern College is diagonally across the intersection, as hereinabove stated, and many out-of-town people come to the College to visit their children and there are no sleeping accommodations nearby that are available to them. Moreover the Forrest County General Hospital situated just a few blocks south of the College accommodates patients from various sections of south Mississippi and the relatives of such patients frequently come to visit them and desire to stay overnight, but at the present time no sleeping accommodations are available to them within less than a distance of probably two miles. There is a definite public need for the improvement which the appellees propose to place on the lots in question. The record shows by the proof of eight realtors that there is a public need and

necessity for land reclassification which has not been done in a number of years.

The appellees made a strong showing as to the public need of the improvements which they propose to erect and the protestants produced practically no testimony at all that the granting of the petition would not promote the health, safety, morals, and general welfare of the community. The city offered no evidence whatever.

Of the two protestants who testified, one of them lives immediately east of and adjacent to the Texaco filling station above mentioned and on cross examination she testified that she thought that her property had increased in value since the erection of the filling station. The other protestant said that he did not know whether his property had increased in value or not and that he had not given the matter any thought.

In view of all the facts in this case we are of the opinion that the action of the City Council was manifestly arbitrary and capricious and was not supported by any substantial evidence, and that the judgment of the circuit court was eminently correct and justified, and that consequently the judgment of the circuit court appealed from should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.