CITY OF HATTIESBURG *v.* MERCER.

No. 41217          October 26, 1959          115 So. 2d 165

*C. W. Sullivan, M. M. Roberts,* Hattiesburg, for appellants.

*James Finch,* Hattiesburg, for appellee.

McGEHEE, C. J.

This is an appeal from a judgment of the Circuit Court of Forrest County which reversed a decision of the Zoning Board of Review and the Mayor and Commissioners of the City of Hattiesburg on the adjudged ground that the decisions of these two bodies were arbitrary, capricious and unreasonable in declining to grant the petition of the appellee, Mrs. Clayton A. Mercer, to reclassify from residential to commercial a triangular shaped lot that she owned at the intersection of Hardy Street and

Mamie Street which had a frontage of approximately 260 feet on Hardy Street to the north, 185 Foot frontage on Mamie Street to the south and east, and 150 feet to the west and southwest immediately adjacent to the residential property of T. B. Geiger.

When the petition for the modification of the then existing ordinance No. 960 in the manner proposed came on for hearing before the Zoning Board of Review a protesting petition signed by T. B. Geiger, President of the Geiger Printing Company, V. L. Toussaint, President Perry County Plywood Corporation, Dr. F. R. Conn, Orthopedic surgeon, Katie Rose McLendon, Mrs. Paul C. Edmiston, Miss Carrie Caperton, Mrs. W. M. Wright and Mrs. M. E. Denton, was presented to the Zoning Board of Review which consisted of Hugh McWilliams, Chairman, T. B. Geiger, Mrs. E. C. Fishel and S. H. Tyre. Mr. Geiger recused himself because of the fact that he was one of the protestants and a motion was made by Mr. Tyre and seconded by Mrs. Fishel that the petition for a modification of the then existing zoning ordinance in the respects prayed for be denied and the Zoning Board of Review recommended to Mayor D. Gary Sutherland and City Commissioners Thompson and Carpenter that the decision of the Zoning Board be accepted and the petition of the appellee denied. When the matter came on for hearing before the Mayor and Commissioners, the recommendations of the Zoning Board of Review was accepted and followed, and the petition of the appellee was denied upon motion of City Commissioner Thompson and seconded by City Commissioner Carpenter.

Thereupon the appellee appealed the matter to the circuit court on a bill of exceptions which sought to embody the contentions of the appellee as made to the Zoning Board of Review and the Mayor and Commissioners and to recognize that the protests against the appellee's petition to reclassify her property from residential to

commercial had been signed by the eight protestants hereinbefore named. The bill of exceptions also recited that "numerous witnesses appeared at the hearing, being those interested in the petition to reclassify and those opposed." The bill of exceptions further recites that "there were thirteen owners within 165 feet of the property sought to be reclassified and that eight had signed the petition objecting. The chairman then stated that if twenty per cent of such property owners, or more, objected to the reclassification that the matter was then out of the Board's (Zoning Board of Review) hands, whereupon the Mayor corrected this statement stating that in the event twenty per cent or more objected that it would then take a two-thirds vote of the governing body to modify the zoning ordinance and map." Section 3594, Code of 1942 provides, among other things, the following: "Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed. In case, however, of a protest against such change signed by the owners of twenty per cent, or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending 160 feet therefrom, or of those directly opposite thereto, extending 160 feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds of all the members of the legislative body of such municipality. * * *."

■■■ The circuit court held that the Zoning Board of Review and the governing body of the municipality had made it the rule to leave the matter of whether or not a particular lot or parcel of land would be rezoned to the whim and caprice of the neighbors of the land owner, and that in the instant case these two bodies had acted arbitrarily, capriciously and unreasonably in denying the application of the appellee. It will be noted,

however, that the statute contemplates that if a protesting petition is filed with the Zoning Board of Review that the existing zoning ordinance cannot be modified "except by the favorable vote of two-thirds of all the members of the legislative body of such municipality." While the constitutionality of this statute has not been specifically dealt with in any of the decisions of this Court, and although it is unnecessary that we pass on the constitutionality thereof on this appeal, and we do not therefore undertake to do so, we do say that in our opinion the statute is not subject to the interpretation that it confers upon any one or more neighbors the unlimited right to have the final veto of a petition as to any proposed change in a zoning ordinance, so as to grant unto a neighbor or neighbors the right to allow one property owner to have his property reclassified and to deny such right to another; the final authority for granting an amendment of the zoning ordinance is vested in two-thirds of the members of the governing authority, the same as it is in regard to any matter that comes before a mayor and two commissioners for decision.

Many objections are made to the sufficiency of the bill of exceptions on which the case was to have been heard in the circuit court. We do not deem it necessary that we deal with these several objections to the sufficiency of the bill of exceptions for the reason that under the cases of Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281 and Ballard v. Smith, 234 Miss. 531, 107 So. 2d 580, we find nothing in this record to show that either the Zoning Board of Review or the mayor and city commissioners arbitrarily, capriciously or unreasonably in rejecting the petition of the appellee to reclassify her vacant lot from residential to commercial in a then predominately residential area. In Ballard v. Smith, supra, the Court observed that: "The pertinent tests in a judicial review of municipal actions

under zoning ordinances are set forth in Holcomb v. City of Clarksdale, 1953, 217 Miss. 892, 65 So. 2d 281, 284. Complainant there sought to have declared invalid a zoning ordinance insofar as it restricted use of his property to residential purposes. He wanted it classified as commercial, for an apartment house. This Court affirmed dismissal of the bill and upheld the action of the city authorities. Laying down the basic principles, the Court said that the classification of property for zoning is a legislative rather than a judicial matter, 'as are the size, extent, and boundaries of zones.' The courts generally will not interfere in such matters or substitute their own judgment for that of the municipality, although zoning is subject to judicial review 'as to whether it is reasonable, arbitrary, discriminatory, confiscatory, or an abuse of discretion. The courts will not set aside the municipality's classification if its validity is fairly debatable, but will do so only if its invalidity is clear.''

This case was decided by the circuit court on May 29, 1958, and it appears from the record that thereafter on October 23, 1958, the governing board of the City of Hattiesburg passed a new zoning ordinance No. 1347, which is not properly a part of the record before us, since it had not been passed at the time of the trial and when the case at bar was decided, and whereby property immediately across Hardy Street north of appellee's property was reclassified from residential to commercial property, and at least two of the protestants have converted their property from residential to commercial across Hardy Street from the triangular lot of the appellee. The appellants here in addition to the City of Hattiesburg are T. B. Geiger, V. L. Toussaint and Dr. F. R. Conn, all of which individuals have their residences in close proximity to the appellee's vacant lot. Assuming it to be true that the appellee does not deem her property suitable for a residential purpose for herself

and family and that she has been unable to sell the same for residential purposes, the fact remains that the general zoning ordinance in most any municipality works to the disadvantage of some of the individual property owners. The Zoning Board of Review and the Mayor and Commissioners heard both sides of this controversy and we do not think that any part of the record which is properly before us would warrant a finding that these two bodies which heard the contentions of those in favor of the reclassification and those opposed thereto as recited in the bill of exceptions, acted otherwise than to discharge what they believed to be their duty and responsibility in the interest of the public safety and general welfare. In this connection it is to be noted that the appellee was at the time of the hearing unable to disclose to the city authorities the commercial purpose to which the property might be diverted in the event the petition for reclassification was granted, and that the governing authorities therefore necessarily knew that she could convey the same to any person, firm or corporation for any commercial use permitted by the general zoning ordinance No. 960, in effect at that time, and without regard to what effect such action might have on the residential value of other property in that immediate area; and that the case is almost entirely different on its factual situation from the case of City of Hattiesburg, et al. v. Pittman, 233 Miss. 544, 102 So. 2d 352, where the property owners proposed to build a motel near the Mississippi Southern College and the Forrest County General Hospital to serve a distinct need of the parents and relatives of the college students and of patients at the hospital. Moreover in that case the property owners submitted with their petition to reclassify their nine lots from residential to commercial a prospectus showing they intended to expend approximately $250,000 on the motel project. Then, too, the Highway Commission had condemned a portion of each

of these nine lots and had thereby reduced the area of the remaining portions to less than the minimum dimensions required for residential lots in that area. In that case the Court expressed no opinion one way or another as to the constitutionality of Section 3594, Code of 1942, and we do not do so here but we reverse the case and reinstate the decision of the Zoning Board of Review as followed by the Mayor and Commissioners on the sole ground that the part of the record which is properly before us does not disclose that the Zoning Board of Review and the Mayor and Commissioners acted arbitrarily, capriciously and unreasonably in the premises. Nor do we think that the case of Jones, et al. v. City of Hattiesburg, 207 Miss. 491, 42 So. 2d 717, discussed in the briefs has any application in the instant case.

Reversed and judgment here for the appellants.

*Lee, Kyle, Arrington* and *Gillespie, JJ.,* concur.