231 So.2d 483 (1970)
BOARD OF SUPERVISORS OF WASHINGTON COUNTY, Mississippi
v.
ABIDE BROTHERS, INC.
No. 45529.
Supreme Court of Mississippi.
February 9, 1970.
Robertshaw, Merideth & Swank, George H. Slade, Greenville, for appellant.
Nathan P. Adams, Jr., Greenville, for appellee.
ROBERTSON, Justice.
On petition of Michael L. Virden, et al., the Board of Supervisors of Washington County, Mississippi, rezoned a parcel of their land. 63.44 acres was rezoned from A-Agricultural District to C-1, Neighborhood Shopping District; 14.61 acres was rezoned from A-Agricultural District to R-2, Multi-Family Residential District; 3.08 acres was left A-Agricultural and constituted a buffer zone about fifty feet wide between the rezoned property and the adjoining properties on the west and south, which properties belonged to the Estate of Lyon Koch, Deceased.
*484 On a bill of exceptions, Abide Brothers, Inc., appealed this decision to the Circuit Court of Washington County. The circuit court reversed the order of the board of supervisors on the grounds that neither the order of the board nor the bill of exceptions contained any evidence that a mistake was made in the original zoning or that the character of the neighborhood had changed. The board of supervisors perfected their appeal to this Court.
The power to zone is of rather recent statutory origin; the common law imposed no restrictions on the landowner's use of his own property so long as he did not commit a nuisance thereon. 58 American Jurisprudence Zoning Section 5, p. 942 (1948) notes its developing history in this way:
"Comprehensive zoning laws are of relatively modern origin, and in late years a veritable flood of zoning legislation has swept the country. In the many decisions of state and Federal courts dealing with such ordinances, there has been some conflict and confusion. The tendency, however, is in the direction of extending the power of restriction in aid of city planning. * * *"
Originally the right to zone was granted to municipalities only because it was there that density of population and the unrestricted use of one's property first created problems with adjoining and neighboring property owners. Zoning laws are enacted in the exercise of the police power and ordinarily do not constitute a taking of property for public use for which compensation must be paid. 58 Am.Jur. Zoning § 2, p. 941 (1948).
Since the private property owner cannot seek damages for the denial of the use of his property for legitimate business purposes the legislatures of the different states have gone slowly in extending the right to zone beyond municipal boundaries.
It was not until 1956 that Mississippi extended the power to zone to counties. Section 2890.5 Mississippi Code 1942 Annotated (1956) provides:
"1. The board of supervisors of each county is hereby authorized, in its discretion, to exercise in the unincorporated part of each county all of the powers granted to municipalities by section 3590, Mississippi Code of 1942, as amended by chapter 292, Laws of 1946, sections 3591, 3592, 3593, 3594, 3595, 3596, and 3597, Mississippi Code of 1942. * * *
"2. The governing authority of each municipality and county, either independently or jointly, is empowered, in its discretion, to provide for the preparation, adoption, amendment, extension and carrying out of an official plan * * *."
Recognizing that the regulations, restrictions and boundaries of zones would from time to time need to be amended, supplemented or changed, the Legislature set forth the requirements for making such changes in Section 3594 Mississippi Code 1942 Annotated (Supp. 1968). That section provides:
"Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days' notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality specifying a time and place for said hearing. * * *
"However, in case of a protest against such change signed by the owners of twenty per cent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending 160 feet therefrom, or of those directly opposite thereto, extending 160 feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds of all the members of the legislative *485 body of such municipality." (Emphasis added).
The intent of the legislature, it seems to us, is clear. Only those property owners within 160 feet of the property sought to be rezoned can validly object. Just because you own property somewhere in the county does not ipso facto give you the right to object.
It is perfectly clear from the bill of exceptions and its exhibits that Abide Brothers, Inc., is not an adjoining or adjacent property owner. The letter report of the Planning Commission of Washington County unanimously recommending that the zone of the entire 81 acres be changed from residential to commercial states that the property sought to be rezoned "is south of and adjacent to the V.F.W. road and west of and adjacent to Highway One." The protest of the Estate of Lyon Koch, Deceased, states that the estate is the owner of lands "immediately west and south of the 81 acres" sought to be rezoned. Abide Brothers, Inc., do not describe their lands nor give its location in any way. The petitioners settled with the Estate of Lyon Koch, Deceased, the only adjoining property owner, and the estate did not appeal. As stated in the bill of exceptions, the principal objection of both the Estate of Lyon Koch, Deceased, and Abide Brothers, Inc., was that there was not a buffer zone. When a buffer zone was provided, the adjoining landowner was satisfied.
The responsibility was upon Abide Brothers to affirmatively show that they were within the statutory class who could validly object. At the very least, they should have offered proof to show their proximity to the property sought to be rezoned, the zone of their property, and how they would be specifically damaged or adversely affected. Abide Brothers offered no proof whatsoever.
Even if the appellee did have standing to object, it cannot make its specific objections known for the first time on appeal. In zoning cases the cause is not tried de novo in the circuit court: the circuit court acts as an appellate court only. § 1195 Miss.Code 1942 Ann (1956); City of Jackson v. Sheppard Investment Co., 185 So.2d 675 (Miss. 1966).
The appellee did not show its standing or right to object; it offered no proof of how it would be damaged, nor did it make any specific objections until it reached the appellate court.
For these reasons, the judgment of the circuit court must be reversed and the order of the board of supervisors reinstated.
Reversed and order of Board of Supervisors reinstated.
ETHRIDGE, C.J., and JONES, PATTERSON and INZER, JJ., concur.