INZER, Justice:
This is an appeal by S. A. Rosenbaum from a judgment of the Circuit Court of Lauderdale County affirming an order of the Meridian City Council denying appellant’s petition to rezone a twenty acre parcel of unimproved land located on the northeast side of Broadmoor Subdivision in the City of Meridian from A-0 classification to A-3 classification. We affirm.
The record in this case reflects that on June 14, 1967, the City of Meridian adopted a comprehensive zoning ordinance and map rezoning the entire City of Meridian. The parcel of land here involved and the adjoining land in this area was zoned A-0, which is the prime single family residential designation under the zoning ordinance. Only about fifteen percent of the total area of the City of Meridian is designated for A-0 use. In March 1968 appellant filed a petition requesting that a 40 acre tract, which included the 20 acre tract here involved be rezoned from A-0 to A-3. This petition was denied by an order of the City Council on April 17, 1968. No appeal was had from this order. The present petition was filed in August 1969 and it does not allege that there has been any material change of circumstances since the denial of the first petition. Neither did it allege that there was any mistake in the original comprehensive ordinance. The petition did allege that there is a general need in the City of Meridian for multifamily dwellings and that there had been a material change in the socio-economic character of the city since 1967. It was also alleged that the use of the subject property would alleviate the intensive need, would not cause depreciation in the use or value of other property in the area, would not change the residential atmosphere of the area, and would result in a benefit to the community as a whole and promote the welfare of the entire city. Appellant proposed to construct on this property, if it were rezoned, a luxury type apartment complex.
After notice was given, as required, many homeowners in the area signed a petition protesting the granting of the petition to rezone the property. After a hearing the city council denied the petition and found as follows:
(1) That by the comprehensive zoning ordinance of the City of Meridian adopted June 14, 1967, as Ordinance No. 3297, the subject property was classified as being in an A-0 use district, for single family residential use;
(2) That since the enactment of said ordinance the character of the neighborhood in which the subject property is located has not substantially changed;
(3) That there has developed an increased need for both single and multifamily dwellings in said city since the adopting of said ordinance No. 3297 but the land area designated for A-3 use in that city, by said ordinance substantially exceeds that designed for A-0 use district land capable of being developed for multi-family use; that, therefore, the overall needs of the community in this respect have not substantially changed since the enactment of said Ordinance No. 3297;
(4) That the area proposed to be reclassified A-3 use is bounded on the west and the south by areas containing single family dwellings of substantial construction which constitute some of the most desirable residential neighborhoods in the municipal limits and the land sought to be reclassified is a logical area for expansion of said single family neighborhoods.
(5) That the petition for reclassification should therefore be denied.
*541 Appellant contends among other things that the city council was in error in considering the petitions of the protestants and the testimony introduced in support of the petition, for the reason that protestants had no standing to object. This contention is based upon Board of Supervisors of Washington County v. Abide Bros., Inc., 231 So.2d 483 (Miss.1970), wherein we construed Section 3594, Mississippi Code 1942 Annotated (1956), to mean that only those people residing within 160 feet of the property sought to be rezoned could validly object to a rezoning petition. We have re-examined Section 3594 and find that we were clearly in error in construing this statute. Section 3594 is in the following language:
Such regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days’ notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality specifying a time and place for said hearing. The governing authorities or any municipal agency or commission, which by ordinance has been theretofore so empowered, may provide in such notice that the same shall be held before the city engineer or before an advisory committee of citizens as hereinafter provided and if the hearing is held before the said engineer or advisory committee it shall not be necessary for the governing body to hold such hearing but may act upon the recommendation of the city engineer or advisory committee. Provided, however, that any party aggrieved with the recommendation of the city engineer shall be entitled to a public hearing before the governing body of the city, with due notice thereof after publication for the time and as provided in this act.
However, in case of a protest against such change signed by the owners of twenty per cent (20%) or more, either of the area of the lots included in such proposed change, or of those immediately adjacent to the rear thereof, extending 160 feet therefrom, or of those directly opposite thereto, extending 160 feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of two-thirds of all the members of the legislative body of such municipality.
It is now clear to us that this section means that when twenty percent or more of the lot owners within a 160 foot area protest, the amendment to the zoning ordinance cannot be amended except by a two-thirds vote of all the members of the legislative body. This section puts the landowners within the 160 foot area in a preferred class, but it does not prohibit those landowners who reside outside the 160 foot area, but live in the area from protesting. Our statement in Abide Bros,, Inc,, supra,
The intent of the legislature, it seems to us, is clear. Only those property owners within 160 feet of the property sought to be rezoned can validly object. Just because you own property somewhere in the county does not ipso facto give you the right to object. (231 So.2d at 485).
was not necessary for the ultimate decision in that case. The real basis for our decision was that Abide Brothers offered no proof whatsoever to support their protest and raised objections for the first time on appeal. Insofar as this case tends to hold that only those lot owners within the 160 foot area can validly object, it is modified to hold that this section means that when twenty percent or more of the lot owners within the 160 foot area as defined in the statute object, then the amendment of the zoning ordinance cannot be made except by a vote of two-thirds or more of the members of the legislative body.
Appellant also contends that the order of the city council denying his petition to rezone the subject property is not sup *542 ported by substantial evidence and is arbitrary, capricious, unreasonable and constitutes an abuse of discretion. Appellant cites and relies upon the City of Hattiesburg v. Pittman, 233 Miss. 544, 102 So.2d 352 (1958), wherein this Court affirmed an order of the circuit court reversing the city council for the reason that the action of the city council was manifestly arbitrary and capricious and was not supported by substantial evidence. The facts in Pittman are far removed from the facts in the present case. There the nine lots had been reduced to approximately 100 feet in depth because the highway department took the western end of the lots. The proof showed that the lots were so shallow that they were not desirable for residential purposes. The zoning ordinance provided that a lot of less than 7,000 square feet could not be used for residential purposes and none of the lots involved contained that many square feet. The lots were located in a commercial area with various and sundry businesses located near the property. This Court held that the refusal by the city to rezone those lots from residential for all practical purposes entirely deprived the owners of the use of their property. Appellant’s property is, according to all the witnesses, located in a prime single family residential zone, containing no commercial enterprises of any kind. It is located in the logical area for a single family neighborhood already established in that area. Appellant made no objection to his property being A-0 when the comprehensive ordinance for the zoning of the city was enacted in 1967. It is true that the proof shows that there is a need in the City of Meridian for multi-family dwellings. There has been no change in the character of this neighborhood since the adoption of the ordinance. The record also discloses that there is ample property in the city zoned A-3 to take care of the present need for multi-family dwellings.
After a careful study of the record in this case we find, as did the circuit court, that the order of the city council denying the petition of appellant to rezone his property is not arbitrary, discriminatory, confiscatory, capricious, or unreasonable and that it is based upon substantial evidence.
It is in this case, as it was in Sunray DX Oil Co. v. City of Jackson, 209 So.2d 838 (Miss.1968), wherein we concluded by saying:
A careful study of the record and briefs and the oral arguments convinces this Court that the appellants have not met the burden of proving by clear and convincing evidence that the action of the City of Jackson is unreasonable, arbitrary, capricious or discriminatory. We cannot say that the issue was not fairly debatable; therefore, unless this Court constitutes itself a zoning board, the case must be affirmed. Ballard v. Smith [234 Miss. 531, 107 So.2d 580 (1958)]. (209 So.2d at 840).
For the reasons stated this case must be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, ROBERTSON, and HARPER, JJ., concur.