PATTERSON, Justice:
This appeal arises from a judgment of the Circuit Court of the First Judicial District of Hinds County. The judgment reversed an order of the Jackson City Council which refused to rezone a portion of appellee’s lands in Northeast Jackson from “A-l Residential” to a classification of “A-2 Residential” (apartments).
The judgment of the circuit court on appeal from the order of the city council relied solely upon Board of Supervisors of Washington County v. Abide Brothers, Inc., 231 So.2d 483, 485 (Miss.1970), as the basis for its decision. We there stated:
The intent of the legislature, it seems to us, is clear. Only those property owners within 160 feet of the property sought to be rezoned can validly object. Just because you own property somewhere in the county does not ipso facto give you the right to object.
The lower court had every reason to rely upon this pronouncement. However, Abide Bros., supra, was modified by the case of Rosenbaum v. City of Meridian, Miss., 246 So.2d 539, 1971, wherein we stated:
Appellant contends among other things that the city council was in error in considering the petitions of the protestants and the testimony introduced in support of the petition, for the reason that protestants had no standing to object. This contention is based upon Board of Supervisors of Washington County v. Abide Bros., Inc., 231 So.2d 483 (Miss.1970), wherein we construed Section 3594, Mississippi Code 1942 Annotated (1956), to mean that only those people residing within 160 feet of the property sought to be rezoned could validly object to a rezoning petition. We have re-examined Section 3594 and find that we were clearly in error in construing this statute. Section 3594 is in the following language: (Omitted)
* * * * * *
It is now clear to us that this section means that when twenty percent or more of the lot owners within a 160 foot area protest, the amendment to the zoning ordinance cannot be amended except by a two-thirds vote of all the members of the legislative body. This section puts the landowners within the 160 foot area in a preferred class, but it does not prohibit those landowners who reside outside the 160 foot area, but live in the area from protesting. * * *
* * * * * *
* * * Insofar as this case tends to hold that only those lot owners within the 160 foot area can validly object, it is modified to hold that this section means that when twenty percent or more of the lot owners within the 160 foot area as defined in the statute object, then the amendment of the zoning ordinance cannot be made except by a vote of two-thirds or more of the members of the legislative body.
The basis of the trial judge’s decision being removed by Rosenbaum, supra, there remains insufficient evidence to sustain a *705 reversal of the order of the city council as being either unreasonable, arbitrary or capricious.
The judgment of the circuit court is reversed. The judgment of the city council, which denied a reclassification from “A-l Residential” to “A-2 Residential” is reinstated.
Reversed and rendered.
GILLESPIE, P. J., and INZER, ROBERTSON, and HARPER, JJ., concur.