285 So.2d 143 (1973)
HINDS COUNTY BOARD OF SUPERVISORS
v.
Johnny COVINGTON.
No. 47259.
Supreme Court of Mississippi.
November 12, 1973.
*144 E. Grant Tharpe, Jackson, for appellant.
Mason & Swindoll, Jackson, for appellee.
SMITH, Justice:
Johnny Covington petitioned the Board of Supervisors of Hinds County to rezone, from A-1 residential as it had been classified in the original comprehensive zoning plan, to commercial, certain real property on which he held a purchase option. From the Board's order declining to rezone, Covington appealed to the Circuit Court of Hinds County. That court reversed the order of the Board of Supervisors and rezoned the property commercial. The present appeal is by the Board of Supervisors from the circuit court judgment.
The circuit court stated in its final judgment reversing the Board and rezoning the property that its action in so doing was based upon the "sole and only proof or testimony" which had consisted of a certificate of a realtor in which the realtor had said that it was his opinion that the "highest and best use" for the land was commercial.
Covington's original petition directed to the Board had alleged that the change was sought "because the subject property is vacant, and the overall features of said parcel of land dictate that it is best suitable for commercial use and application." He said that his purpose was to construct on the property a dry-cleaning and laundry establishment with its related facilities. The realtor, to whose opinion the court referred, had said in his certificate that he based his opinion that the "highest and best use" of the land was commercial upon his belief that there was a need for a convenience type grocery store in the community. Nothing was said as to the need for a laundry.
This Court on several occasions has said that: "A zoning ordinance is presumed to be valid and one assailing its validity has the burden of proof to establish that the ordinance is invalid or unreasonable, arbitrary or discriminatory as to his property." Ballard v. Smith, 234 Miss. 531, 107 So.2d 580 (1958); Sunray DX Oil Company v. City of Jackson, Miss., 209 So.2d 838, 839 (1968).
As said in Ballard, supra:
[A]ll presumptions must be indulged in favor of the validity of zoning ordinances. It is presumed to be reasonable and for the public good. It is presumed that the legislative body investigated it and found conditions such that the action which it took was appropriate. The *145 one assailing the validity has the burden of proof to establish that the ordinance is invalid or arbitrary or unreasonable as to his property, and this must be by clear and convincing evidence. (Emphasis added). (107 So.2d at 586).
Also, in order to justify the rezoning of property from one classification to another, there must be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. Moore v. Madison County Board of Supervisors, 227 So.2d 862 (Miss. 1969); Ridgewood Land Company v. Moore, 222 So.2d 378 (Miss. 1969).
In the case now before us, it was not alleged, in the petition to rezone, nor was there any effort made to prove, that there had been a mistake in the original zoning nor that there had been a material change in the character of the neighborhood to such an extent as to require or justify reclassification.
In W.L. Holcomb, Inc. v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953), it was held that:
The courts will not set aside the municipality's classification if its validity is fairly debatable, but will do so only if its invalidity is clear... . (65 So.2d at 284).
In 1 Anderson, American Law of Zoning, section 2.20 (1968), appears the following statement:
The phrase `highest and best' probably is a product of the realtor's function as a land investment counselor or a witness in condemnation proceedings where an owner seeks to recover the value of his land when put to its highest and best use. In zoning litigation, proof that the `highest and best' use is proscribed by the ordinance may be relevant, but it is not decisive. A zoning ordinance is not unconstitutional, as applied to particular land, merely because it prohibits a use which is demonstrably the `highest and best' use of the land in question... . Evidence tending to show that land would be worth more or would yield more if it were not for the zoning regulation in issue is not sufficient to sustain the burden of proving invalidity... . An ordinance is not invalid where it classifies for residential use land which would yield a greater profit if used for business purposes. Although deprivation of the `highest and best' use of the property involved is not a decisive factor in the constitutional evaluation of a zoning ordinance, it is a relevant one and will enter into the process of decision.
It is clear that Covington failed to meet the burden which rested upon him to establish by "clear and convincing evidence" that there had been a mistake in the original zoning of the property or that there had been a change in the character of the neighborhood to an extent which would justify or require reclassification. The Board's action, therefore, appears to have been correct. Certainly it was a "fairly debatable" proposition and a matter which, in the first and fact finding phase, was for the Board's determination. Nor was it shown by any evidence capable of being characterized as clear or convincing that the original classification, or the Board's action in declining to change it, was unreasonable, arbitrary, discriminatory or confiscatory or imposed unnecessary or unreasonable hardship upon appellee. We are forced to conclude that appellee failed to meet the burden which rested upon him to produce proof sufficient to require the Board to reclassify the property.
The judgment of the circuit court must, therefore, be reversed and the order of the Board of Supervisors declining to reclassify the property reinstated.
*146 Judgment of the circuit court reversed and order of the Board of Supervisors declining to reclassify the property reinstated.
RODGERS, P.J., and ROBERTSON, SUGG and BROOM, JJ., concur.