287 So.2d 436 (1973)
BOARD OF SUPERVISORS OF JACKSON COUNTY, Mississippi
v.
Luther Dewan ROBERTS.
No. 47343.
Supreme Court of Mississippi.
December 17, 1973.
*437 Megehee, Brown, Williams & Corlew, Larry A. Smith, Pascagoula, for appellant.
Ransom P. Jones, III, Pascagoula, for appellee.
WALKER, Justice:
This is an appeal from the Circuit Court of Jackson County, Mississippi, wherein the circuit court entered a judgment reversing an order of the Board of Supervisors which had declined to rezone certain real property from Residential-3 to Commercial-1.
The original petition for a reclassification of the property from Residential-3 to Commercial-1 was first presented to the Planning Commission of Jackson County which approved a rezoning thereof on July 28, 1971, and which forwarded its recommendation to the Board of Supervisors. On August 2, 1971, the Board of Supervisors overruled the recommendation of the Planning Commission and denied the rezoning but granted the appellee a use permit for operation of an air conditioning business. Thereafter, an appeal was taken to the Circuit Court of Jackson County by a Bill of Exceptions which reversed the Board of Supervisors and entered its judgment rezoning said property from Residential-3 to Commercial-1, hence, this appeal.
The judgment of the circuit court must be reversed for the reason that the record in this case does not establish, nor did the original petition to rezone allege that there had been any change in the character of the neighborhood whatsoever since the original zoning ordinance was adopted.
In order to justify the rezoning of property from one classification to another, there must be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. L.F. Patterson et al. v. Mayor and Commissioners of the City of Jackson, 285 So.2d 466 (decided November 19, 1973); Hinds County Board of Supervisors v. Johnny Covington, 285 So.2d 143 (decided on November 12, 1973); Moore v. Madison County Board of Supervisors, 227 So.2d 862 (Miss. 1969); Ridgewood Land Company v. Moore, 222 So.2d 378 (Miss. 1969).
In this case Roberts failed to carry the burden which rested upon him to establish that there had been a mistake in the original zoning of the property or that there had been a change in the character of the neighborhood to an extent which would justify or require reclassification.
Judgment of the circuit court reversed and order of the Board of Supervisors declining to rezone the property reinstated.
RODGERS, P.J., and PATTERSON, INZER and SUGG, JJ., concur.