760 So.2d 841 (2000)
BYRAM 3 DEVELOPMENT, INC., Appellant,
v.
HINDS COUNTY BOARD OF SUPERVISORS and Donald M. Dockery, III, Appellees.
No. 1999-CA-01128-COA.
Court of Appeals of Mississippi.
May 23, 2000.
*842 K.F. Boackle, Jackson, Attorney for Appellant.
Ruma Haque, Jackson, Carolyn Buttles Mills, Ridgeland, Stephen W. Rimmer, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. This controversy began as a contested zoning change application filed by Donald Dockery with the Hinds County Board of Supervisors. Dockery sought a zoning classification that would permit construction of apartments on approximately 26.5 acres owned by Dockery. The supervisors granted the zoning change over the protest of the appellant, Byram 3 Development, Inc., the owner of adjacent property. That decision was upheld by the Hinds County Circuit Court when the matter was appealed to that body. Byram 3 has now appealed to this Court. The appeal is based on the proposition that certain misrepresentations were made to the County's Planning Commission, a body that conducts a hearing on all change applications and makes a recommendation to the board of supervisors. We find this issue to be procedurally barred since it was raised for the first time on appeal though the appellant had ample opportunity to raise the issue while the matter was pending before the board of supervisors.
¶ 2. Byram 3 also contends that Dockery did not meet the burden of showing his entitlement to a zoning change which required a showing of either (a) an error in the original zoning plan or (b) a material change in the character of land use in the area of the affected property. Additionally, Byram 3 claims that Dockery failed to demonstrate a public need for additional multi-family housing. We conclude that findings by the board that a material *843 change in land use had occurred and that there was a demonstrable need for additional apartment-style housing in the area were at least fairly debatable. Therefore, we find this second issue to be without merit and accordingly affirm the judgment of the circuit court.
¶ 3. Byram 3, for the first time on appeal, presented evidence in the form of an affidavit that refuted a statement made by Dockery's attorney during her presentation to the planning commission. According to the minutes of that meeting, Dockery's attorney, in describing the various uses of the land areas surrounding the applicant's property, noted that the applicant's tract "back[ed] up to Bradford Place [an existing apartment complex], which is full at this time and there is a waiting list." The bill of exceptions filed to perfect the appeal to Hinds County Circuit Court included an affidavit from an official of the Bradford Place project certifying that the project was neither fully occupied at the time of the hearing nor had the project ever maintained a waiting list for would-be residents.
¶ 4. Additionally, at the hearing before the planning commission, in response to a question, a county official indicated that "we [the county] just wrote the permits for another 26 units." On appeal, Byram 3 contends that this was erroneous and misleading information because the county had actually issued Bradford Place permits to construct 26 additional buildings that would contain over 200 individual apartment units. The only evidentiary indication of the truth of this assertion is appellant's counsel's own representations contained in appellant's brief.
¶ 5. An appeal from a decision of the board of supervisors on a zoning matter is strictly limited to the record of what occurred before the board as contained in the bill of exceptions. Shannon Chair Co. v. City of Houston, 295 So.2d 753, 754 (Miss.1974). The alleged misrepresentation of the facts by counsel concerning the occupancy status of an adjoining apartment complex was made in the preliminary inquiry conducted before the planning commission. That body does not have the authority to approve or disapprove a zoning change request, but acts merely as an advisory body to the board of supervisors. City of Jackson v. Sheppard Investment Co., 185 So.2d 675, 676 (Miss.1966). Byram 3 offers no explanation for why it did not make a record before the board of supervisors of the alleged material misrepresentation of facts made by counsel to the planning commission.
¶ 6. We acknowledge that there is no procedure for discovery in a zoning proceeding, so that the possibility exists that a party opposing a zoning change may be surprised at a hearing by unexpected evidence it believes to be false or misleading. Nevertheless, we do not conclude that it is necessary in this case to explore what remedy is available to a disgruntled contestant to a zoning change who believes that he has been sandbagged by misrepresentations of pertinent facts at a hearing that immediately precedes the final decision by the zoning authority. In this case, the allegedly misleading information was presented at a preliminary inquiry that preceded the supervisors' formal consideration of the request by some thirteen days. We see no reason why, considering the allegedly potent impact of counsel's misrepresentation of the occupancy rate of an adjoining complex, the protesting Byram 3 could not have discovered the misrepresentation in the exercise of reasonable diligence in time to raise the issue before the board of supervisors at the final hearing on the matter held some thirteen days later.
¶ 7. We reach the same conclusion regarding the allegedly misleading representation by a county official concerning the magnitude of the anticipated Bradford Place expansion project. Assuming, for the sake of argument only, that the size of the Bradford Place expansion project was material to the rezoning issue, Byram 3 *844 had ample opportunity to expose the misleading nature of the official's testimony to the board of supervisors before the board rendered its final decision.
¶ 8. For the reasons indicated, we conclude that we are procedurally barred from considering any perceived misrepresentations of material fact advanced by the proponents of the zoning change during the hearing process due to Byram 3's failure to timely raise the issue before the board in a manner that would have permitted the board to determine both (a) the falsity or misleading nature of the representations, and (b) their materiality as to the propriety of granting the applicant's rezoning request. Had those issues been developed before the board, this Court would have a record upon which to base a determination as to whether the board of supervisors acted arbitrarily or capriciously in approving a zoning change once it understood, or ought to have understood, that certain information presented by the proponents was overstated or inaccurate. Absent the board of supervisors being given the opportunity to assess these issues, when Byram 3 had a reasonable opportunity to raise them, we find it inappropriate to permit them to be raised for the first time on appeal. See Fondren North Renaissance v. Mayor of City of Jackson, 749 So.2d 974 (¶ 19-20) (Miss.1999).
¶ 9. Alternatively, Byram 3 argues that the board's decision to approve the zoning change was arbitrary since the applicant failed to demonstrate (a) a mistake in the original zoning plan, or (b) a material change in land use in the surrounding area since the original zoning together with a public need for an alternate use of the property in question. See Hinds Co. Bd. of Supervisors v. Covington, 285 So.2d 143, 145 (Miss.1973). The hearing before the planning commission was rather brief. Nevertheless, the record contains unchallenged references to the fact that the members of the committee were personally familiar with the area in question and had personal knowledge of many of the aspects of the rather extensive land development that had occurred in that area in the past ten years. Evidence was presented of continuing commercial development which could reasonably be understood to carry with it a corresponding need for additional available housing. There was no indication of over-building of multi-family units in the area such as would be evidenced by low occupancy rates and the attendant deterioration that often afflicts a less-than-successful operation. A zoning change is a legislative decision. McWaters v. City of Biloxi, 591 So.2d 824, 827 (Miss.1991); Luter v. Hammon, 529 So.2d 625, 628 (Miss.1988). In making such decisions, a zoning body is vested with substantial discretion and a presumption of correctness attaches to the body's decision. Id. It has been said that it is permissible for members of such a body to "look outside the window" during the deliberation process, i.e., to call upon their own knowledge of matters affecting the question that has been gleaned from simply being a member of the community. Id. at 629; Board of Aldermen of Town of Bay Springs v. Jenkins, 423 So.2d 1323, 1327 (Miss.1982). The body's discretion, once challenged by an appeal to the judiciary, is so broad that the reviewing judicial body is required to affirm the decision if the correctness of the decision is simply "fairly debatable." McWaters, 591 So.2d at 827.
¶ 10. The evidence in this case tends to indicate that the property in question was in a thriving area of Hinds County being subjected to substantial commercial and multi-family residential growth. There was no indication that the anticipated use of this property was incompatible with the pattern of development of the area that had been under way for some years or that it would be so out of character with nearby property as to be oppressive to neighboring owners in the reasonable enjoyment of their property. It was apparent that the planning commission members had enjoyed some personal familiarity with the *845 area and were satisfied that there existed sufficient demand for additional multi-family housing in the area. Byram 3, in its capacity as protestor, presented no evidence reasonably calculated to show an absence of demand for further housing consistent with the proposed development of the property in question.
¶ 11. Based upon our review of the record in this case, we are satisfied that the correctness of the decision to approve this zoning change was, at the least, fairly debatable within the meaning of McWaters. We, therefore, conclude, as did the circuit court, that we are without basis to set aside that determination.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.